74 329
9ap312
74 329
16ap584
74h 329
f64ad 4

H. COOLEY GREEN, Respondent, *v.* DANIEL C. EASTON, Appellant.

*Manufacturing corporation—failure to file an annual report—liability of a trustee—claim for a breach of contract of employment—"debt," defined—judgment against the corporation.*

An unliquidated claim, arising out of a breach of a contract of employment, due at the time of the failure of a manufacturing corporation to file the annual report prescribed by section 12 of the act of 1848.(Chap. 40), is a debt within the meaning of that section, which imposes a personal liability upon the trustees for all the "debts" of a corporation which fails to file an annual report.

It is not necessary to obtain a judgment against the company on such a claim before proceeding against a trustee.

If a judgment is obtained against the company on such a claim, a recovery cannot be had against a trustee for the costs included in such judgment.

If after obtaining, on issue joined, a judgment against a corporation on a claim arising out of a breach of a contract for employment, the plaintiff brings an action against a trustee to enforce the personal liability for such claim arising out of the failure of the company to file an annual report, his recovery of damages against the trustee will be limited to the amount of damages for which he recovered judgment against the company.

APPEAL by the defendant, Daniel C. Easton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Washington county on the 28th day of November, 1892, upon a decision of the court rendered after a trial by the court without a jury at the Washington Circuit.

*Potter & Lillie,* for the appellant.

*O. F. & R. R. Davis,* for the respondent.

PUTNAM, J.:

Plaintiff brought this action against defendant as a trustee of the Putnam Creamery Association, a corporation formed under chapter 40 of the Laws of 1848, and acts amendatory thereof, to recover the penalty imposed by section 12 of said act for the failure of said corporation to file the report required by the said section.

Plaintiff alleges that in the spring of 1890 the said corporation employed him to work for the ensuing season at fifty dollars per month, and that after giving him employment until August first, neglected thereafter to continue said employment for

HUN—VOL. LXXIV.     42

the balance of the season, that is until about November first. Plaintiff claims to recover damages resulting from such breach of contract by the company. That afterwards on or about January 1, 1891, plaintiff commenced an action against defendant on account of said breach of contract, and obtained judgment on October 6, 1891, for $100, damages, and eighty-one dollars and fifty cents, costs.

The plaintiff further alleges that the Putnam Creamery Association did not, within twenty days from January 1, 1891, or of any year from the time of the incorporation of said company, make or file the report required by section 12 (*supra*).

The case was tried at Special Term, and plaintiff obtained judgment for $150 damages, with costs.

It is urged by defendant that the claim for damages set out in the complaint is not a *debt* within the meaning of section 12 of chapter 40 of the Laws of 1848. That such claim for damages constitutes a liability, but not a debt. While it is true that a claim for damages arising from a tortious act cannot be deemed a debt (*Esmond* v. *Bullard*, 16 Hun, 65), we are of opinion that an unliquidated claim, arising out of a breach of contract of employment, is a debt within the meaning of section 12 of the Manufacturing Act. At the time the corporation failed to file the annual report some sum was due plaintiff by reason of the failure of the company to fulfill its contract of employment. The amount was unliquidated, but was in fact due. We think that under the act there may be a debt unliquidated as to the amount. At the time in question the corporation owed plaintiff, on account of said failure to perform its contract, an unliquidated sum; in other words, was indebted to him. This indebtedness can be properly deemed a debt within the meaning of section 12 (*supra*). (See *N. J. Ins. Co.* v. *Meeker*, 37 N. J. L. 300, 301; *Frazer et al.* v. *Tunis et al.*, 1 Bin. 254–262; *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, 454, 455.)

We have examined the cases cited by appellant, and think that none of them conflict with the views above stated.

The construction of the statute above given is the only reasonable one. No good reason is apparent why an action should be maintained against a trustee of a corporation for failure to file its annual report by a creditor having a liquidated obligation in preference to one having an unliquidated claim.

We think, however, that the recovery should have been limited to $100 damages. The complaint sets out the fact that an action was commenced against the corporation to recover for the claim in suit, and that issue having been joined therein he recovered $100, damages, and eighty-one dollars and fifty cents, costs. The plaintiff apparently intended to set up a cause of action for the amount so recovered — the damages and costs. It is settled that a recovery cannot be had against the defendant for costs of an action against a corporation. (*Rorke et al.* v. *Thomas et al.*, 56 N. Y. 559, 565.)

It was not necessary for the plaintiff to obtain a judgment against the company before proceeding against the trustee. (*Miller* v. *White*, 50 N. Y. 138.) The complaint alleges a claim for damages against the corporation which had been liquidated by the judgment at $100 as the claim in suit upon which, together with the costs, the plaintiff claimed judgment. As we have seen, he cannot recover judgment against the defendant for the said costs. His claim, therefore, should be limited to the amount of the damages which he sets out in his complaint was recovered against the corporation. The admission by the defendant on the trial, that plaintiff's damages for the breach of contract alleged was $150, is of no avail while the complaint remained unamended. Defendant, while admitting the fact that plaintiff's damages were $150, objected to the evidence as irrelevant and not within the issue.

It follows, therefore, that under a complaint which in fact alleges $100 damages the plaintiff could not properly recover $150 without an amendment of the complaint.

Were the pleading otherwise, however, we are of opinion that plaintiff, having brought an action against the corporation to recover his claim, and issue having been made therein and he recovering only $100, afterwards bringing an action against a trustee for a failure of the corporation to file the annual report, can only recover judgment against the trustee for the amount for which he recovered judgment against the corporation. The judgment against the company should be deemed binding on the plaintiff. It liquidates his claim.

The judgment appealed from should be modified by reducing the amount fifty dollars. If the plaintiff, within ten days after the order herein shall be served upon him, stipulates to such reduction, the

judgment shall be accordingly modified, and, as modified, affirmed, without costs to either party. Should the plaintiff fail to file such stipulation, judgment is reversed and a new trial granted, with costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment modified by deducting fifty dollars, if plaintiff so stipulates within ten days, then judgment, as so modified, affirmed, without costs to either party; if plaintiff does not so stipulate, then judgment reversed and a new trial granted, with costs to abide the event.