(9 App. Div. 311.)

ROSE v. CHADWICK et al.

(Supreme Court, Appellate Division, Fourth Department.    October 16, 1896.)

CORPORATIONS—LIABILITY OF DIRECTORS—FAILURE TO FILE ANNUAL REPORTS.
   A creditor of a corporation may recover his debt of the directors on their failing to file annual reports, as required by Laws 1892, c. 688 (Stock Corporation Law) § 30, without prior recovery of judgment against the corporation, and return of execution unsatisfied.

Appeal from trial term.

Action by Simon E. Rose against George W. Chadwick and another. From a judgment dismissing the complaint, plaintiff appeals.    Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

T. H. Ferris, for appellant.
H. D. Pitcher, for respondents.

FOLLETT, J.    This action was brought by a creditor of the Chadwick Leather Company, a business corporation organized under the laws of this state, against the directors thereof, to recover his debt of them, on the ground that they had failed to file annual reports in January, 1894, and in January, 1895, as required by the thirtieth section of the stock corporation law.    Two of the defendants answered, and admitted that the reports had not been filed, and alleged that the claim of the plaintiff had been fully paid.    When the case was moved for trial, the complaint was dismissed, on the ground that it was not alleged therein that the plaintiff had recovered a judgment for the debt against the corporation, and an execution thereon had been returned unsatisfied.    This was error.    The recovery of a judgment and the

return of an execution are not conditions precedent to the right of a creditor to recover from the directors of the corporation for failing to file reports. Miller v. White, 50 N. Y. 137–141; Rorke v. Thomas, 56 N. Y. 559–565; Green v. Easton, 74 Hun, 329, 26 N. Y. Supp. 553; Bank v. Andrews, 2 Misc. Rep. 394, 21 N. Y. Supp. 948; Strauss v. Trotter, 6 Misc. Rep. 77, 26 N. Y. Supp. 20.

Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338, arose under the twenty-fourth section of the stock corporation law, imposing a liability upon directors for creating an indebtedness not secured by mortgage in excess of the amount of its paid-up capital stock, and is not in point.

The judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.