assets and risks.    It is alleged in the complaint that, after that was done, and the defendant became substituted as insurer in place of the Royal Oak Benefit League, the plaintiff at all times complied with the conditions of his certificate of membership, duly paying all his assessments to the Royal Benefit Society after the agreement between the two companies became effectual; and that on the 20th of April, 1895, by virtue of the agreement between the plaintiff and the Royal Oak Benefit League, the obligations of which were assumed by the defendant, there became due a sum of $1,000, less the amount which the plaintiff had received for sick benefits during the currency of the certificate.    The ground upon which the demurrer was interposed is that the complaint does not state facts sufficient to constitute a cause of action, and the specification of the ground is that it appears upon the face of the complaint, and from provisions of statutes referred to in the complaint, that the contract between the Royal Oak Benefit League and the defendant was an invalid and inoperative one, because it was beyond the power of either of the corporations to make it.    What may be the legal effect of the contract of June, 1894, between the two corporations, it is unnecessary for us to consider.    The defendant, by the terms of that contract, became substituted as a contracting party with the plaintiff.    By taking over the risk the Royal Oak Benefit League had assumed with relation to the plaintiff, it put itself in the position of a contractor with him, and by receiving and accepting from him the premiums or assessments due upon or chargeable against him under the certificate he held, it permitted him to perform all the terms of the contract incumbent upon him, and it received the full benefit of that performance.    Under such circumstances the defendant will not be heard to contend that its contract with the other corporation was ultra vires, nor that the plaintiff did not acquire any right as against the defendant to enforce the obligation it assumed.    Arms Co. v. Barlow, 63 N. Y. 62;  Linkhauf v. Lombard, 137 N. Y. 423, 33 N. E. 472.

The interlocutory judgment appealed from is affirmed, with costs. All concur.

---

## CAMP MANUF'G CO. v. REAMER et al.

(Supreme Court, Appellate Division, First Department.  February 19, 1897.)

CORPORATIONS—LIABILITY OF DIRECTORS—FAILURE TO FILE ANNUAL REPORTS.

    A creditor of a corporation may sue the directors at law upon his debt, where they have failed to make annual reports, as required by Laws 1892, c. 688 (Stock Corporation Law) § 30, without prior recovery of judgment against the corporation, and return of execution unsatisfied. 43 N. Y. Supp. 673, reversed.

Appeal from special term, New York county.

Action by the Camp Manufacturing Company against Job M. Reamer, impleaded with James Harriman.    From an interlocutory judgment sustaining a demurrer to the complaint (43 N. Y. Supp. 673), plaintiff appeals.    Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

D. M. Porter, for appellant.

Charles D. Ridgway, for respondents.

PATTERSON, J. This action was brought to recover from the defendants, directors of a domestic corporation, the amount of an indebtedness of that corporation to the plaintiff, the alleged ground of liability of the defendants being that the directors of the corporation had failed to make and file a report as required by section 30 of the stock corporation law (chapter 688 of the Laws of 1892). There is no allegation in the complaint of the recovery of a judgment against the principal debtor, and the return of an execution unsatisfied, and a demurrer was interposed to the complaint on the ground that it did not contain facts sufficient to constitute a cause of action, for the want of such an allegation. The learned judge below sustained the demurrer, and held that the obligation of the directors, as imposed by section 30 of the act referred to, was a secondary liability, and was in analogy with that imposed upon directors by the twenty-fourth section of the same law, and that within the decision of the court of appeals in the case of the National Bank of Auburn v. Dillingham, 147 N. Y. 603, 42 N. E. 338, it was necessary for the plaintiff to exhaust its remedy at law against the principal debtor before resort could be had to the directors individually.

The precise question involved in this appeal, which is from the judgment sustaining the demurrer, was disposed of by the appellate division of the supreme court in the case of Rose v. Chadwick, 9 App. Div. 311, 41 N. Y. Supp. 190. It was there held that it was not necessary, in an action under the thirtieth section of the stock corporation law, for the plaintiff to proceed against the principal debtor before resorting to his remedy against the directors. It was also declared that the case of the National Bank of Auburn v. Dillingham, supra, was not in point in the consideration of this question. The case of Rose v. Chadwick is conclusive of the question, and the authorities cited in the opinion of the court in that case abundantly establish the correctness of the decision.

The interlocutory judgment sustaining the demurrer must be reversed, and judgment directed overruling the demurrer, with costs, with liberty to the defendants to withdraw the demurrer, and answer over within 20 days, upon the payment of the costs below and in this court. All concur.