(15 App. Div. 323.)

## DONNELLY v. PANCOAST et al.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

CORPORATIONS—LIABILITY OF DIRECTORS—FAILURE TO FILE ANNUAL REPORT.

Persons acting as directors, and failing to file the annual report as required by law, cannot escape personal liability to the creditors of the corporation on the ground that they did not hold the number of shares of stock required by Laws 1892, c. 691, § 2, to qualify them to be directors.

Appeal from trial term, New York county.

Action by James R. Donnelly against Archer V. Pancoast and others, as directors of the Archer & Pancoast Manufacturing Company, for goods sold. · From a judgment entered on a verdict directed by the court in favor of plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. T. Davies, for appellants.

D. M. Porter, for respondent.

VAN BRUNT, P. J. This action was brought against the defendants, as directors of the Archer & Pancoast Manufacturing Company, a domestic corporation, for goods sold and delivered to said corporation between March 1, 1893, and May 19, 1893; the said company having failed to file its annual report for that year. The evidence showed that the Archer & Pancoast Manufacturing Company was organized in September, 1868, by the filing of a certificate of incorporation in the offices of the secretary of state and of the clerk of the city and county of New York. On the 19th of February, 1890, the number of the directors of the company was increased from five to eight. At the time of the original election of the defendants as directors, they held a sufficient number of shares of stock in said company to qualify them to act as such directors. On the 21st of July, 1890, all the capital stock of the company was transferred to the defendant Biddle, except the single shares held by the other defendants respectively, and during the years 1892 and 1893 each defendant against whom a verdict was directed by the court below held and owned but one share of stock. No annual report was filed in January, 1893. It further appeared that the defendants were duly elected directors of the company on the 16th of February, 1892, for the term expiring on the 16th of February, 1893, and were elected on February 21, 1893, and acted as such directors, and managed the business and affairs of the corporation, until the last of May, when receivers of the corporation were appointed, who had possession of the affairs of the corporation until November, 1893. In January, 1894, the corporation filed its annual report, signed by said directors. There is no dispute but that the goods in question were sold to the corporation. Upon this state of facts, the court directed a verdict in favor of the plaintiff, and from the judgment thereupon entered this appeal is taken.

Objection is taken in respect to the condition of the plaintiff's proof at the time of the termination of this case,—that there was no evidence that the defendants were elected directors for the year 1893.

It is sufficient to say in answer to this objection that it appeared subsequently in the case that an election was held in February, 1893, at which the defendants were elected directors for 1893, and that they were such directors during the period when the corporation was in default in filing its annual report, and the period during which the goods in question were sold and delivered by the plaintiff to the corporation.

The further objection is raised that the directors not holding five shares of stock were not qualified to hold the position to which they were elected. It appears that in July, 1890, all the directors transferred all their shares of stock, except one. What the object of this transfer was, does not appear, except, perhaps, to escape the obligations which pertained to the office of director, upon the theory that they were disqualified from being directors, and consequently could not be held liable as such. It has been suggested by the counsel for the respondent that all that was necessary after the organization of the company was that the directors should be stockholders, and that the provisions of section 2 of chapter 691 of the Laws of 1892 did not apply, but rather the provisions of section 20 of chapter 688 of the Laws of that year. Upon an examination of this section, however, it will appear that the requirement that the directors shall hold five shares of stock does not obtain as to the directors of the first year only, but is a general requirement relating to the office of director. We do not think, however, that the defendants can avail themselves of any such objection for the purpose of escaping the liability attaching to the office which they claimed to have usurped. They were elected directors of the corporation; they accepted the position; they managed the business and affairs of the corporation, assuming all the duties and emoluments attached thereto; and it is too late now for them to attempt to escape the burden. Their title to the office cannot be attacked collaterally. They were de facto directors, and they cannot now claim that they were not directors de jure,—not because of any estoppel, but simply because the rule of law is well established that he who enters upon an office and exercises all its functions is responsible for his acts therein, to the same extent as though he of right occupied the position. It seems to us that, it having been established that these defendants were elected directors, and that they accepted the office and exercised its duties without any one questioning their title, they cannot now denude themselves of the office which they have taken, for the purpose of escaping the responsibilities attaching thereto.

The claim made by the appellants that the plaintiff cannot maintain this action because he was not a judgment creditor of the corporation, with an execution returned unsatisfied, has been disposed of by this court in the case of Manufacturing Co. v. Reamer (decided Feb. 19, 1897) 43 N. Y. Supp. 1027.

The judgment should be affirmed, with costs. All concur.