## MILSOM RENDERING & FERTILIZER CO. v. BAKER.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

1. CORPORATIONS—ACTIONS AGAINST DIRECTORS—PARTIES.
    Under Laws 1892, c. 688, § 30, making the directors jointly and severally liable for the debts of the corporation if they fail to file annual reports, an action may be brought against any one or more of the directors without joining as defendants the other directors and the corporation.

2. SAME—NATURE OF LIABILITY.
    The liability of directors for failure to file annual reports (Laws 1892, c. 688, § 30) is primary, and an action thereon may be brought without prior recovery of judgment against the corporation on return of execution unsatisfied.

Appeal from special term, Erie county.

Action by the Milsom Rendering & Fertilizer Company against William H. Baker. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John L. Romer, for appellant.
John G. Milburn, for respondent.

ADAMS, J. The plaintiff brings this action to recover of the defendant, who is a director of a corporation known as the R. W. Bell Manufacturing Company, the remedy imposed by section 30 of the stock corporation law, for omitting to file the annual report required by that section. The complaint contains appropriate allegations of the incorporation of the company, its indebtedness to the plaintiff, the failure of its directors to file the annual report in the year 1893, and the existence or contraction of the debt in question, after default made in complying with the requirements of the above-mentioned section. The corporation itself is not a party to the action, and the complaint contains no allegation of its insolvency; neither does it aver that proceedings for its dissolution are pending, nor that any judgment has been recovered upon the plaintiff's claim. The defendant interposed a demurrer to the complaint, alleging as the grounds thereof (1) that there is a defect of parties, in that the other directors of the R. W. Bell Manufacturing Company besides the defendant, and the said R. W. Bell Manufacturing Company itself, are not parties to the action; (2) that the complaint does not state facts sufficient to constitute a cause of action. The issue of law thus raised was decided in favor of the defendant, the equity term sustaining his demurrer, and holding that the case of Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338, was decisive of such issue.

We find ourselves unable, even with the aid of the elaborate and forceful argument of the defendant's counsel, to concur in the conclusion reached by the learned trial court, for reasons which we shall endeavor, in as few words as possible, to make plain. In entering upon this understanding it is obviously of the first importance that we should obtain a clear apprehension of the object which the legislature had in view in conferring upon the creditors of a corporation a right or remedy which was unknown to the common law, and this can be accomplished only by a careful examination of the statute under which the plaintiff seeks to maintain this action, which will be found in chapter 688 of the Laws of 1892. By reference to section 30 of that chapter, it will be discovered that every stock corporation, except moneyed and railroad corporations, is required annually during the month of January, or, if doing business without the United States, before the 1st day of May, to make a report as of the 1st day of January, which shall state (1) the amount of its capital stock, and the proportion thereof actually issued; (2) the amount of its debts, or an amount which they do not then exceed; (3) the amount of its assets, or an amount which its assets at least equal. It is also required that this report shall be signed by a majority of the directors, and verified by the oath of the president, or vice president and treasurer, or secretary of the corporation making the same, and then filed in the

office of the secretary of state, and also in the office of the clerk of the county where the principal business office of the corporation may be located.   For a failure to comply with these requirements it is further provided that all the directors of the corporation shall jointly and severally be liable for all its debts then existing and contracted before said report shall be made.   A director may, however, be relieved from the liability thus imposed by filing in the office of the secretary of state within a specified time a verified certificate that he has endeavored to have such report made and filed, but that the officers or a majority of the directors have neglected and refused to make and file the same, and by appending to such certificate a report containing the statements which should have appeared in the annual report, so far as the same are within his knowledge, or are obtainable by him.   It will be seen at a glance that the plain intent of this provision, as thus clearly expressed, is to compel every corporation, save those specifically excepted from its operation, to furnish a complete and accurate statement of its financial condition and responsibility at the commencement of each year.   It is quite as obvious that this requirement is designed for the benefit and information of the stockholders and officers of the corporation, as well as for its creditors and those with whom contractual relations may thereafter be entered into.   And so important was it deemed by the legislature that the same should be faithfully and promptly fulfilled that it imposed as a penalty upon directors who were delinquent in their duty in this respect a personal liability for all the debts of the corporation which exist at the time the report should be filed, or are contracted before the same is actually filed.   Allen v. Clark, 108 N. Y. 269–273, 15 N. E. 387.

If, then, we are correct in our analysis of the scope and object of this statutory provision, it follows that every creditor of a corporation which has failed to file its annual report finds himself provided with a new remedy for the collection of his debt, and one which is not dependent upon any contractual relation, but is imposed by the statute as something in the nature of a penalty for the disobedience of its requirement, the debt being the measure of the delinquent director's liability.   Carr v. Rischer, 119 N. Y. 117, 23 N. E. 296.   This remedy, being penal in its character, and the directors being jointly and severally liable therefor, no reason suggests itself why an ordinary action at law against one or more directors cannot be resorted to for its enforcement by any creditor invoking its aid, without first exhausting his remedy against the corporation.   At all events, we have recently held, in an action brought under this same section, that the recovery of a judgment and the return of an execution are not conditions precedent to the right of a creditor to pursue the remedy which it affords. Rose v. Chadwick, 9 App. Div. 311, 41 N. Y. Supp. 190.   And the conclusion reached in the case referred to is not only supported by ample authority (Green v. Easton, 74 Hun, 329, 26 N. Y. Supp. 553;  Miller v. White, 50 N. Y. 137–141;  Rorke v. Thomas. 56 N. Y. 559–565;  Jones v. Barlow, 62 N. Y. 202;  Allen v. Clark, supra);

but it has since been followed by the United States circuit court
for the Southern district of New York (see opinion of Wallace, J.,
delivered in Swancoat v. Remsen, 78 Fed. 592); and we do not, as yet,
see any occasion to depart from it. Innumerable cases might also
be cited wherein a single creditor has resorted to an action at law
to enforce the remedy provided by section 30 of the present law, or by
section 12 of the act of 1848, for which section 30 is a substitute,
against one or more directors, and we believe none can be found where-
in it is even intimated that such an action cannot be maintained. It is
now claimed, however, that the principle which supports the rule
adopted in the Dillingham Case, viz. that the personal liability of
the directors of a corporation is not primary, but secondary, and
can be resorted to only after the usual remedies against the cor-
poration itself have been exhausted, and can then be enforced only
by a suit in equity, where all the creditors and the corporation it-
self are parties, by means of which an accounting can be had,
all the facts ascertained, and the equities adjusted, should be ap-
plied to this case, and, inferentially, to every case where a penalty
is imposed for a violation of some one of the provisions of the
stock corporation law. In considering this contention it is to be
observed that the case cited as an authority therefor is an adju-
dication of the remedy afforded by section 24, which reads as fol-
lows:

"No stock corporation, except a monied corporation, shall create any debt,
if thereby its total indebtedness not secured by mortgage shall exceed the
amount of its paid up capital stock; and the directors creating or consenting
to the creation of any such debt shall be personally liable therefor to the credit-
ors of the corporation."

The manifest object of this provision is to prevent the creation
by a corporation of an indebtedness in excess of its paid-up cap-
ital stock, and to impose upon the directors of any such corpora-
tion who shall disregard the prohibition which it impliedly con-
tains a personal liability for such indebtedness. This doubtless
may also, in one sense, be regarded as in the nature of a penalty,
but not one which can be enforced in like manner as the penalty
imposed by section 30, for, in the first place, the directors creating
or consenting to the creation of the excessive indebtedness are lia-
ble, not severally, but jointly, and they are liable, not to an in-
dividual creditor for his particular debt, but to all the creditors
of the corporation whose debts are in excess of the amount of its
paid-up capital stock. The mere statement of these very marked
distinctions between the two sections would seem to make it toler-
ably plain that the remedy which would enable an individual cred-
itor to enforce the payment of his debt by one or more directors
as a penalty for a violation of the requirements of section 30, would
not be an appropriate remedy for a violation of the requirements
of section 24, for in the latter case the liability of the directors
who are in fault is limited to the excess of the indebtedness in-
curred over and above the paid-up capital stock, and such excess
can only be ascertained by an accounting, upon which all the di-
rectors, as well as the corporation itself, are entitled to a hear-

ing. Stone v. Chisolm, 113 U. S. 302–309, 5 Sup. Ct. 497. Again, the amount of the directors' liability, when ascertained, cannot, from the very nature of things, be appropriated towards the payment of any particular debt, but must, rather, be regarded as a fund out of which all the creditors are to be paid alike. Hence it follows that the creditors who are to share in such fund should be made parties to any action by means of which the fund is to be secured and distributed. Marshall v. Sherman, 148 N. Y. 9–23, 42 N. E. 419. These conditions render a suit in equity the only proper remedy by which the liability contemplated by section 24 can be enforced; but the provision upon which the present action is founded was intended for the protection of laborers and persons holding small claims against corporations, as well as those holding large claims. To hold that no action can be brought until after a judgment has been entered and an execution has been returned unsatisfied against a corporation, and then only an equity action, in which all the directors must be joined as defendants, would defeat the beneficial purpose which this statute was designed to secure. It will be found, by a careful examination of the Dillingham Case, that the conditions to which reference has just been made furnish the basis for the rule which was there applied; and because of the distinctive features of the two remedies which we have endeavored to point out we are of the opinion that the same rule has no application in the present case, and that the interlocutory judgment must therefore be reversed.

Since writing this opinion, I observe that my conclusion is in harmony with that reached by the appellate division in the First department, which has recently reversed a case involving a like question, and one which was cited and relied upon by the defendant's counsel. Manufacturing Co. v. Reamer (Sup.) 43 N. Y. Supp. 1027.

Judgment reversed, with costs, and demurrer overruled, with costs, and leave to the defendant to withdraw its demurrer and answer upon payment of the costs of the demurrer and of this appeal. All concur.