MILSOM RENDERING AND FERTILIZER COMPANY, Appellant, *v.* WILLIAM H. BAKER, Respondent.

*Corporation — failure to file an annual report — the liability of the directors therefor is several and a judgment against the corporation is not a condition precedent thereto — distinguished from the liability for a debt in excess of the capital.*

Under the provisions of section 30 of chapter 688 of the Laws of 1892, known as the Stock Corporation Law, compelling every corporation, save those specifically excepted, to furnish a complete and accurate statement of its financial condition and responsibility at the commencement of each year, an action, in case of a violation of this section, can be maintained against any one director thereof, and the recovery of a judgment against the corporation, and the issue of an execution thereon and its return unsatisfied, are not conditions precedent to the bringing of such an action.

The liabilities of directors, under section 24 of the same act, who create an indebtedness of the corporation in excess of its paid-up capital stock, considered, and the distinction between their liability and that of directors who fail to file an annual report, stated.

APPEAL by the plaintiff, the Milsom Rendering and Fertilizer Company, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 7th day of November, 1896, upon the decision of the court rendered after a trial at the Erie Special Term sustaining the defendant's demurrer to its complaint, with notice of an intention to bring up for review upon such appeal the order or decision entered in said clerk's office on the 7th day of November, 1896, upon which said judgment was entered.

*John L. Romer*, for the appellant.

*John G. Milburn* and *John Cummins*, for the respondent.

ADAMS, J. :

The plaintiff brings this action to recover of the defendant, who is a director of a corporation known as the "R. W. Bell Manufacturing Company," the remedy imposed by section 30 of the "Stock Corporation Law" (Laws of 1892, chap. 688) for omitting to file the annual report required by that section.

The complaint contains appropriate allegations of the incorporation of the company, its indebtedness to the plaintiff, the failure of its directors to file the annual report in the year 1893, and the existence or contraction of the debt in question, after default made in complying with the requirements of the above-mentioned section.

The corporation itself is not a party to the action, and the complaint contains no allegation of its insolvency; neither does it aver that proceedings for its dissolution are pending, nor that any judgment has been recovered upon the plaintiff's claim.

The defendant interposed a demurrer to the complaint, alleging as the grounds thereof : (1) That there is a defect of parties, in that the other directors of the R. W. Bell Manufacturing Company besides the defendant, and the said R. W. Bell Manufacturing Company itself, are not parties to the action ; (2) that the complaint does not state facts sufficient to constitute a cause of action.

The issue of law thus raised was decided in favor of the defendant, the Equity Term sustaining his demurrer and holding that the case of *The National Bank of Auburn* v. *Dillingham* (147 N. Y. 603) was decisive of such issue.

We find ourselves unable, even with the aid of the elaborate and forceful argument of the defendant's counsel, to concur in the conclusion reached by the learned trial court, for reasons which we shall endeavor, in as few words as possible, to make plain. In entering upon this undertaking it is obviously of the first importance that we should obtain a clear apprehension of the object which the Legislature had in view in conferring upon the creditors of a corporation a right or remedy which was unknown to the common law, and this can be accomplished only by a careful examination of the statute under which the plaintiff seeks to maintain this action, which will be found in chapter 688 of the Laws of 1892. By reference to section 30 of that chapter it will be discovered that every stock corporation except moneyed and railroad corporations, is required annually,

during the month of January, or, if doing business without the United States, before the first day of May, to make a report as of the first day of January, which shall state : (1) The amount of its capital stock and the proportion thereof actually issued ; (2) the amount of its debts, or an amount which they do not then exceed ; (3) the amount of its assets, or an amount which its assets at least equal. It is also required that this report shall be signed by a majority of the directors and verified by the oath of the president or vice-president and treasurer, or secretary of the corporation making the same, and then filed in the office of the Secretary of State and also in the office of the clerk of the county where the principal business office of the corporation may be located.

For a failure to comply with these requirements it is further provided that all the directors of the corporation shall jointly and severally be liable for all its debts then existing and contracted before such report shall be made. A director may, however, be relieved from the liability thus imposed by filing in the office of the Secretary of State within a specified time a verified certificate that he has endeavored to have such report made and filed, but that the officers or a majority of the directors have neglected and refused to make and file the same, and by appending to such certificate a report containing the statements which should have appeared in the annual report, so far as the same are within his knowledge or are obtainable by him.

It will be seen at a glance that the plain intent of this provision, as thus clearly expressed, is to compel every corporation, save those specifically excepted from its operation, to furnish a complete and accurate statement of its financial condition and responsibility at the commencement of each year. It is quite as obvious that this requirement is designed for the benefit and information of the stockholders and officers of the corporation as well as for its creditors and those with whom contractual relations may thereafter be entered into. And so important was it deemed by the Legislature that the same should be faithfully and promptly fulfilled that it imposed as a penalty upon directors who were delinquent in their duty in this respect a personal liability for all the debts of the corporation which exist at the time the report should be filed, or are contracted before the same is actually filed. (*Allen* v. *Clark*, 108 N. Y. 269, 273.)

If, then, we are correct in our analysis of the scope and object of this statutory provision, it follows that every creditor of a corporation which has failed to file its annual report finds himself provided with a new remedy for the collection of his debt, and one which is not dependent upon any contractual relation, but is imposed by the statute, as something in the nature of a penalty for the disobedience of its requirements, the debt being the measure of the delinquent director's liability. (*Carr* v. *Rischer*, 119 N. Y. 117.)

This remedy, being penal in its character, and the directors being jointly and severally liable therefor, no reason suggests itself why an ordinary action at law against one or more directors cannot be resorted to for its enforcement by any creditor invoking its aid without first exhausting his remedy against the corporation. At all events, we have recently held, in an action brought under this same section, that the recovery of a judgment and the return of an execution are not conditions precedent to the right of a creditor to pursue the remedy which it affords. (*Rose* v. *Chadwick*, 9 App. Div. 311.) And the conclusion reached in the case referred to is not only supported by ample authority (*Green* v. *Easton*, 74 Hun, 329 ; *Miller* v. *White*, 50 N. Y. 137, 141 ; *Rorke* v. *Thomas*, 56 id. 559, 565 ; *Jones* v. *Barlow*, 62 id. 202 ; *Allen* v. *Clark, supra*), but it has since been followed by the United States Circuit Court for the southern district of New York (see opinion of WALLACE, J., delivered in *Swancoat* v. *Remsen et al.*, not yet reported), and we do not, as yet, see any occasion to depart from it.

Innumerable cases might also be cited wherein a single creditor has resorted to an action at law to enforce the remedy provided by section 30 of the present law, or by section 12 of the act of 1848 (Chap. 40), for which section 30 is a substitute, against one or more directors, and we believe none can be found wherein it is even intimated that such an action cannot be maintained. It is now claimed, however, that the principle which supports the rule adopted in the *Dillingham* case, viz., that the personal liability of the directors of a corporation is not primary, but secondary, and can be resorted to only after the usual remedies against the corporation itself have been exhausted, and can then be enforced only by a suit in equity, where all the creditors and the corporation itself are parties, by means of which an accounting can be had, all the facts ascertained, and the

equities adjusted, should be applied to this case, and, inferentially, to every case where a penalty is imposed for a violation of some one of the provisions of the Stock Corporation Law.

In considering this contention it is to be observed that the case cited as an authority therefor is an adjudication of the remedy afforded by section 24, which reads as follows : " No stock corporation, except a monied corporation, shall create any debt, if thereby its total indebtedness, not secured by mortgage, shall exceed the amount of its paid-up capital stock, and the directors creating, or consenting to the creation, of any such debt shall be personally liable therefor to the creditors of the corporation    *    *    *."

The manifest object of this provision is to prevent the creation by a corporation of an indebtedness in excess of its paid-up capital stock, and to impose upon the directors of any such corporation, who shall disregard the prohibition which it impliedly contains, a personal liability for such indebtedness. This, doubtless, may also, in one sense, be regarded as in the nature of a penalty, but not one which can be enforced in like manner as the penalty imposed by section 30, for, in the first place, the directors creating, or consenting to the creation, of the excessive indebtedness are liable, not severally, but jointly, and they are liable, not to an individual creditor for his particular debt, but to all the creditors of the corporation whose debts are in excess of the amount of its paid-up capital stock.

The mere statement of these very marked distinctions between the two sections would seem to make it tolerably plain that the remedy which would enable an individual creditor to enforce the payment of his debt by one or more directors, as a penalty for a violation of the requirements of section 30, would not be an appropriate remedy for a violation of the requirements of section 24, for in the latter case the liability of the directors who are in fault is limited to the excess of the indebtedness incurred over and above the paid-up capital stock, and such excess can only be ascertained by an accounting, upon which all the directors, as well as the corporation itself, are entitled to a hearing. (*Stone* v. *Chisolm*, 113 U. S. 302, 309.)

Again, the amount of the directors' liability when ascertained cannot, from the very nature of things, be appropriated towards the payment of any particular debt, but must rather be regarded as

a fund out of which all the creditors are to be paid alike. Hence, it follows that the creditors who are to share in such fund should be made parties to any action by means of which the fund is to be secured and distributed. (*Marshall* v. *Sherman*, 148 N. Y. 9, 23.) These conditions render a suit in equity the only proper remedy by which the liability contemplated by section 24 can be enforced; but the provision upon which the present action is founded was intended for the protection of laborers and persons holding small claims against corporations as well as those holding large claims. To hold that no action can be brought until after a judgment has been entered and an execution has been returned unsatisfied against a corporation, and then only an equity action in which all the directors must be joined as defendants, would defeat the beneficial purpose which this statute was designed to secure. It will be found by a careful examination of the *Dilling-ham* case that the conditions to which reference has just been made furnish the basis for the rule which was there applied; and because of the distinctive features of the two remedies which we have endeavored to point out, we are of the opinion that the same rule has no application in the present case, and that the interlocutory judgment must, therefore, be reversed.

Since writing this opinion I observe that my conclusion is in harmony with that reached by the Appellate Division in the first department, which has recently reversed a case involving a like question, and one which was cited and relied upon by the defendant's counsel. (*Camp Mfg. Co.* v. *Reamer*, 14 App. Div. 408; S. C., 43 N. Y. Supp. 1027.)

All concurred.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendant to withdraw its demurrer and answer upon payment of the costs of the demurrer and of this appeal.