MYERS THOMPSON, Plaintiff, *v.* CURT NICOLAI, Defendant.

(Supreme Court, Jefferson Special Term, November, 1897.)

**Corporation — Rights of individual creditor against stockholder — Parties — Effect of dissolution.**

> The assignee of a creditor and holder of the notes of a corporation, organized under the Business Corporation Law (Laws of 1890, chap. 567), whose capital stock has never been fully paid, and which has been dissolved, after the appointment of a receiver of its property, is entitled, under the provisions of the Stock Corporation Law (Laws of 1890, chap. 564, §§ 54, 55, as amended), to maintain an action against a stockholder, who has paid nothing for his stock, in order to recover of him a debt of the corporation, not exceeding the par value of his stock; and it is unnecessary for the plaintiff to join, in his action, other creditors, the corporation, its receiver, or other stockholders; nor, in view of the dissolution of the corporation by a judgment, need he show an execution issued against it and returned unsatisfied, in whole or in part.

DEMURRER to complaint.

Action by plaintiff to recover of defendant, one of the stockholders of the Wendler Machine Company, a domestic corporation, upon notes of said company given the plaintiff for the purchase price of coal used by the corporation, on the ground that the defendant was a stockholder and the owner and holder of ten shares, amounting to $1,000 par value, the certificate thereof having been duly executed and delivered to him without payment, and on the ground that all of the capital stock had been issued and delivered to the various subscribers, and the capital stock of said company was not all paid and never had been.

The allegations of the complaint are fully stated in the opinion.

The defendant demurs to the complaint herein, on the ground that it appears on the face of the complaint:

First. That there is a defect of parties plaintiff in that the action is not brought by, or on behalf of all the creditors or of all the persons claiming to be creditors of the Wendler Machine Company.

Second. That there is a defect of parties defendant: First, In that neither the Wendler Machine Company nor the permanent receiver of the said Wendler Machine Company are parties to the

action. Second, That not all the persons who were stockholders of the Wendler Machine Company at the several times and during the several periods mentioned in the said complaint are made parties defendant.

Third. That the said complaint does not state facts sufficient to constitute a cause of action.

A. E. Kilby for plaintiff.

Rudolph Loreck, for defendant.

Scripture, J. The complaint alleges that the Wendler Machine Company was a domestic corporation organized in September, 1894, under the Business Corporation Law of the State of New York, located and having its principal business office at Carthage, N. Y. That the object of such corporation was the manufacture and sale of pulp machinery, paper machinery, and iron and wood work generally, and the purchase, development and sale of patents, etc., thereunder.

That the capital stock was $150,000 divided into shares of $100 each. The defendant was a subscriber of said stock of ten shares amounting to $1,000 par value, and such shares were duly issued to him by certificates thereof, duly executed and delivered to him in September 1894, and he continued to possess and own the same at the time of the indebtedness hereinafter alleged, and down to the time of the dissolution of the said company as herein stated.

That at the time of the contracting of the debts hereinafter alleged, the capital stock of said company was not all paid and never had been, although all of the said capital stock had been actually issued and delivered to the various subscribers. That the defendant had not then paid for the said stock nor any part of it, and has never paid for it, or any part of it. That said stock had been executed and delivered to others without payment therefor. That a large part of said stock was issued and delivered for property at a price far above its true value with the intent, and for the purpose of evading the statute and defrauding the creditors of the said company.

The complaint further alleges the sale and delivery of coal to the company from about December 19, 1894, to March 26, 1895, by the plaintiff as agent for Lucy A. Thompson, and the giving and delivery of the notes of the company therefor to the order of Myers

Thompson, agent. (A copy of the notes is set out in the complaint.)

The complaint further alleges the indorsement of the notes by the payee, and that they were duly presented for payment at the First National Bank at Carthage, when the notes became due, and payment duly demanded and refused. That they were duly protested for nonpayment and notice given the indorser. That no part of the notes have been paid except the sum of $51, paid by the receiver, April 1, 1895, to apply on the note bearing date December 19, 1894. The face of the complaint shows that all of the notes became due before May 6, 1895. That before the commencement of this action, the said Lucy A. Thompson duly assigned and set over all of said claims to this plaintiff, who is the owner thereof. That in all of such transactions the plaintiff in the sale of such coal and taking of said notes was the agent of said Lucy A. Thompson, and acting for her. That in the giving of said notes the said J. G. Jones, who was the treasurer of this corporation, had authority to make and deliver the same.

The complaint further shows that about March 9, 1895, proceedings were duly commenced in the Supreme Court for the dissolution of said corporation, and an order duly granted on that day by said court, at a Special Term thereof, and entered in the clerk's office of Jefferson county, enjoining all creditors from commencing any suit against said corporation; that at a Special Term held on the 29th day of June, 1895, an order was duly granted and entered, dissolving said corporation and appointing a permanent receiver therein. That judgment thereon was duly entered in said action, on or about said date in the clerk's office of Jefferson county, dissolving said corporation and appointing such permanent receiver, and that from said 29th day of June, 1895, the said corporation has ceased to exist.

The plaintiff contends that his complaint is sufficient to constitute a cause of action.

The statutory provisions, the construction of which is involved in this case, are contained in the Stock Corporation Law of 1892, and read as follows:

"§ 54. The stockholders of every stock corporation shall, jointly and severally, be personally liable to its creditors, to an amount equal to the amount of the stock held by them respectively, for every debt of the corporation, until the whole amount of its capital stock issued and outstanding at the time such debt was incurred shall have been fully paid.      *      *      *

" § 55. No action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation, and an execution thereon has been returned unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs against the stockholder. No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due; and no action shall be brought against a stockholder after he shall have ceased to be a stockholder, for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder."

The primary question for our consideration is, whether an action at law can be maintained by a single creditor, against a single stockholder, or is an action in equity for an accounting, with all the parties before the court, the only appropriate remedy under the Stock Corporation Law?

The liability of stockholders under Laws of 1848, chapter 40, section 10, reads:

" § 10. All the stockholders of every company incorporated under this act, shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following section; and the capital stock, so fixed and limited shall all be paid in, one-half thereof within one year, and the other half thereof within two years from the incorporation of said company, or such corporation shall be dissolved."

The liability of the trustees for the debts of the corporation under the act, reads:

" § 12. Every such company shall annually, within twenty days from the first day of January, make a report which shall be published in some newspaper, published in the town, city or village, or if there be no newspaper published in said town, city or village, then in some newspaper published nearest the place where the business of said company is carried on, which shall state the amount of capital, and of the proportion actually paid in, and the amount

of its existing debts, which report shall be signed by the president and a majority of the trustees; and shall be verified by the oath of the president or secretary of said company, and filed in the office of the clerk of the county where the business of the company shall be carried on; and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company, then existing, and for all that shall be contracted before such report shall be made."

Section 23 of the Stock Corporation Law of 1892 gives the liability of directors for making unauthorized loans. Section 24, for contracting unauthorized debts and overissue of bonds. Section 25, for loans to stockholders. Section 31, the liability of officers for false certificates, reports or public notices, and makes the officer jointly and severally personally liable to the creditors.

Section 12 of the act of 1848 makes the trustees jointly and severally liable to the creditors.

Section 10 of the act of 1848 made the stockholders severally individually liable to the creditors, for debts of the company, until the whole amount of the stock was paid in, and certificates thereof made and recorded, and that one-half should be paid in within one year, and the other half within two years from the incorporation, or such corporation shall be dissolved.

Section 54 of the Stock Corporation Law makes the stockholder jointly and severally and personally liable until the stock *issued* and *outstanding* shall have been *fully paid.*

Section 55 provides that " No stockholder shall be personally liable for any debt of the corporation, not payable within two years from the time it is contracted, nor unless an action shall be brought."

It is clear, from a careful perusal of every section of the Stock Corporation Law, and the act of 1848, and the various acts amendatory thereof, and other acts providing for the incorporation and regulation of the different kinds of corporations, having special and peculiar provisions as to creation, management and dissolution, that the legislature intended to retain such acts, and parts of acts, as were applicable to different corporations, and that they form, and are made a part and are embraced in the general act now in force.

The General Corporation Law was passed in 1890, and amended throughout, and became a law, May 18, 1892. This statute classifies all corporations.

The Stock Corporation Law was passed in 1890, and amended throughout, except the title, and became a law May 18, 1892. Laws of 1892, chap. 688.

There were many provisions contained in prior laws for the formation of peculiar classes of corporations, that differ materially from the present Stock Corporation Law, and in many instances, are made a part of the act relating to those corporations.

In all statutes passed, the rights of the creditors of the corporation, and the liabilities of the stockholders are well defined, the legislature intending to guard and protect the creditors from the fraud and imposition of the corporation; the stockholder is made jointly and severally and personally liable. ·

To emphasize the *legislative will* on this subject, it is provided in section 55, " No stockholder shall be *personally* liable for any debt of the corporation, not payable within two years from the time it is contracted."

It seems to us that the plain intent and meaning of the act now in force is to give the individual creditor a right of action against an individual stockholder.

The statute and the decisions also permit, to avoid multiplicity of actions, in a proper case, an action for an accounting with all of the parties, as plaintiffs and defendants, before the court, so that the rights of all may be determined in the action. ·

In the case at bar, it would seem an idle ceremony for the plaintiff to file a bill when it is obvious that defendant is a stockholder and has paid for no part of his stock, and is personally liable for the debt, and the debt does not equal the amount of his stock.

It will be observed that by section 10, Laws of 1848, all stockholders were severally and individually liable to creditors, while by sections 54 and 55 of the Stock Corporation Law they are made jointly and severally and personally liable; so that now the creditor can sue one or all. In an examination of the decisions previous to the revision of the Corporation Law, and especially those decisions under stock corporations, it will be observed that the creditor could maintain an action at law, and in a proper case an action in equity for an accounting.

. That we may reach a correct result as to the intent and meaning of the present statute, a very careful investigation should be had of the leading cases on the subject, and those parts of previous laws relating to the rights of creditors, and the liabilities of stockholders which have received judicial construction; and especially as to those which now form a part of sections 54 and 55.

In the case of Weeks v. Love, 50 N. Y. 568, Judge Andrews writing, " It has been settled by decisions in this state, in actions brought by a single creditor to enforce a stockholder's liability, under this and other statutes containing similar provisions, that an action at law could be maintained against one of several stockholders to recover a debt owing by the corporation. * * *

" To hold that the plaintiff could not maintain this action because there were other creditors, would confine the application of these decisions to. the case of a suit against a stockholder, by the sole creditor of the corporation.

" The right of one of several creditors to maintain the action is also the reasonable construction of the statute. * * * It assumes a liability to suit for a debt as a single complete cause of action, and not merely a liability in equity, to be enforced in an equitable action. The personal liability of stockholders, under these acts may be enforced in an equitable action against all the stockholders. The liability is created for the security of the creditors; and upon dissolution or insolvency of the corporation, it may be treated as corporate property, and the court may, in a proper action, provide for taking an account and enforcing the liability of all the stockholders, for the benefit of all the creditors entitled to share in the fund collected from the stockholders, in satisfaction of their liability."

In the case cited, the court construed section 10 of the Laws of 1848, and it was urged by the appellant that an action at law could not lie, but it was held that the stockholder, when judgment was passed against him, and his personal liability is fixed for the debts of the corporation to an amount equal to the stock held by him, or when he has paid debts of the corporation to that amount, is relieved from further liability.

In the case of Wiles v. Suydam, 64 N. Y. 173, the complaint contained two causes of action, one charging defendant as stockholder with the debts of the corporation under section 10 of the Laws of 1848, and the other as trustee with the debt for failure to file annual report, as required by section 12 of the same act.

Church, Ch. J., says " The allegations in the complaint are sufficient to establish a perfect cause of action against the defendant as a stockholder primarily liable for the debts to the amount of his stock. The allegations against the defendant as trustee also constitute a distinct and perfect cause of action, but of an entirely different character. Here the liability is created by statute and is

in the nature of a penalty imposed for neglect of duty.    *   *   *
The object of the action is the same, viz.: the collection of the debt,
but the liability and the grounds of it are entirely distinct and
unlike."

In an action by an individual creditor against an individual stock-
holder and creditor, under section 12 of the Laws of 1848, where
the stock has not been paid in, the creditor had his election either
to bring an action at law against a stockholder, or to bring an action
in equity against all of the stockholders for an accounting between
them and all of the creditors.    When, however, the stockholder
sued was also a creditor of the corporation to an amount equal to
his stock, and his debt is one for which the stockholders are in-
dividually liable, an action at law cannot be maintained against him
by another creditor, as he has an interest in the fund sued for, the
amount of which can only be determined by an accounting which
cannot be had in such an action because the proper parties are not
before the court.    The stockholder is absolutely discharged from
his liability to creditors by payment of an amount equal to his
stock on legal compulsion, and probably by voluntary payment to
any *creditor* or creditors for whose debt he is liable.

Mathez v. Neidig, 72 N. Y. 100.    In the case cited, the court
makes the distinction between an action against the stockholder
alone, and when he sustains the dual relation of creditor and stock-
holder of the corporation.

In Wheeler v. Millar, 90 N. Y. 353, the action was brought
by a single creditor against a single stockholder.    The ground of
action was that the stock had not been fully paid in, and plaintiff
sought to make defendant liable for the debt.    The fact of the non-
payment of the stock was not disputed, but it was answered that
defendant was not a stockholder, and not liable to the plaintiff as
such.    Defendant also plead an equitable offset, which he had the
right to do, founded upon an alleged indebtedness of the company
to him.    The court said: ".The statutory liability arises whenever
the whole capital stock has not been paid in.    The stockholder
sued may have paid in full, but that does not relieve him, if others
are in default.    He is still liable to an amount equal to his stock,
so long as the whole capital is not fully paid.    But that liability
constitutes a fund which any creditor of the company may reach.
If now the stockholder sued is himself such creditor to an amount
equaling his statutory liability, he has quite as good a right to the
fund which is pursued as the pursuer; indeed, he has the better

right, because it is already in his possession, and it would be inequitable to take it from him for the benefit of another creditor who has no superior equity. But the stockholder must be really a creditor of the company. He must stand in a relation to it which in equity and justice is as strong as that of the assailant."

In the case cited it was held that defendant was a stockholder and not a creditor, and that plaintiff could maintain the action.

In the case of Cochran v. Wiechers, 119 N. Y. 399, Judge O'Brien, writing, "The plaintiff's action is in the nature of a creditor's suit to settle the affairs of the American Opera Company, limited, and distribute its assets, as well as the proceeds of the stockholders' individual liability among the company's creditors." Pfohl v. Simpson, 74 N. Y. 137. It was held in this case that under the provisions of the act of 1875, relating to business corporations, that the liability of stockholders was individual, to an amount equal to the capital stock held by them respectively, for all the debts of the company until stock was fully paid in and certificate recorded; that the liability so imposed is not penal, but in the nature of a contract.

The statutory obligation which the stockholder assumes when he becomes such, is inherent in, and becomes part of every contract made by the corporation with the creditors, prior to the time that the certificate required is filed. That the liability of a trustee for neglecting to make a report, or for declaring dividends out of capital stock, or acts of a kindred character, are breaches of duty. In the Cochran case the court expressly recognized the principle laid down in the case of Wiles v. Suydam, supra, that a single creditor can maintain an action against a single stockholder.

In the recent case of Rowell v. Janvrin, 151 N. Y. 60, which was an action at law against a single stockholder, the court, in construing the liability of the stockholder under section 10 of the Laws of 1848, and the amendment of 1853, distinctly held that an action was properly brought against the defendant alone.

In the case of Castner v. Duryea, 16 App. Div. 249, it was held that a creditor could maintain an action to enforce against a stockholder his debt against the corporation, to an amount equal to that of his stock, where the whole amount of the capital stock has not been paid in.

In Donnelly v. Pancoast, 15 App. Div. 323, a general creditor was allowed to maintain an action at law against the directors under the Stock Corporation Law of 1892.

In the case of Camp Manufacturing Company v. Reamer, 14 App. Div. 408, which was an action at law brought by a single creditor against the defendant directors of the corporation, for failure to make a report as required by section 30 of the Stock Corporation Law, and it was held that such an action could be maintained.

In the case at bar all of the capital stock had not been paid in, nor had the defendant paid for his stock, or any part of it. His liability was primary and contractual, and an action can be maintained to enforce it in the same manner as if the stockholder owed the debt to the creditor.

The liability of the stockholder for debts created before the capital stock is paid in is treated as that of partners, and the statute preserves and continues that liability, notwithstanding the creation of the corporation, until the capital stock is paid in. National Bank v. Dillingham, 147 N. Y. 608; Marshall v. Sherman, 148 id. 19.

" The liability imposed upon stockholders under chapter 40 of the Laws of 1848, by section 10 of the act, and the amendments thereto, for the debts of the company is controlled by section 24. By that section it is made a condition precedent to the maintenance of an action, to enforce the liability of a stockholder, created by section 10, that a suit for the recovery of a debt should have first been brought against the company and ' an execution against the company shall have been returned unsatisfied in whole or in part.' " Section 24 is now part of section 55 of Stock Corporation Law. " The decisions thus far have dispensed with the condition precedent: (1) When the corporation has been dissolved by judicial decree; (2) where by final judgment in an action for sequestration a perpetual injunction has been issued restraining suits by creditors, and (3) where by statute such suits are prohibited." United Glass Company v. Vary, 152 N. Y. 127; see Stock Corporation Law, § 55.

In the case at bar the corporation has been dissolved by judicial decree. The learned counsel for the defendant insists that under the cases of Pfhol v. Simpson, 74 N. Y. 137; Bank v. Dillingham, 147 id. 603, and Marshall v. Sherman, 148 id. 9, this action cannot be maintained.

The Pfhol case has no application here. That was a creditor's suit with all the parties before the court demanding an accounting and distribution of assets of a bankrupt corporation, and to restrain

many actions at law that had been begun by many individual creditors against individual stockholders.

In Bank v. Dillingham the action was brought against the defendants, trustees of a corporation, created under the act of 1848, who were directors under the Stock Corporation Law of 1892, to enforce the liability imposed by section 24 of the act, which act repealed section 23 of the Laws of 1848, and substituted in its place section 24. Both of the sections refer to stock corporations where the corporations are fully organized and doing business.

In the one case as to the indebtedness of the company exceeding the amount of its capital stock; in the other that the total indebtedness not secured by mortgage shall not exceed the amount of its paid-up capital stock, and the bonds and other obligations of the corporation, secured by mortgage, issued in excess of the amount authorized by law or in violation of law. The corporation was not a party, and no judgment had been obtained against the corporation for the debt.

A demurrer was interposed: (1) That there is a defect of parties in that other creditors of the company, and the company itself, are not parties to the action; and (2) the complaint does not state facts sufficient to constitute a cause of action.

It was expressly held that the liability imposed on the directors by the statute was in the nature of a penalty for disobedience to its commands; that the liability was secondary, not primary, and that their liability was in equity a fund to which all the creditors may resort. It was further held that the liability of the stockholders for debts created before the capital stock is paid in was primary and contractual, and continued and remained, notwithstanding the creation of the corporation, until the capital stock was paid in.

Marshall v. Sherman was an action against a stockholder of a foreign corporation to recover for a debt of the corporation contracted while doing business as such.

It was held that the liability was not primary and contractual, likened to that of partners engaged in a joint enterprise, which disappears upon the perfection of a corporate organization.

That the only liability that in law is imposed upon the defendant to pay the debt, or any part of it, was created by the statute of the state where the corporation is domiciled, and was secondary, and being a *statutory liability* can be enforced only by a suit in equity.

It will be observed that it does not appear on the face of the complaint in this action that there are other creditors of the corporation besides the plaintiff.    There is no allegation that the debts of the corporation equal to, or exceed the amount of defendant's personal liability for the debts.

In the following cases recoveries have been had in law, actions under the Stock Corporation Law, by individual creditor against individual director, and in some cases against all of the directors: Donnelly v. Pancoast, 15 App. Div. 323; Camp Manufacturing Co. v. Reamer, 14 id. 408; Rose v. Chadwick, 9 id. 311; Milsom R. & F. Company v. Baker, 16 id. 581.

Actions at law have been sustained against the individual stockholder by an individual creditor in cases arising since the passage of the Stock Corporation Law.    Rowell v. Janvrin, 151 N. Y. 60; Castner v. Duryea, 16 App. Div. 249.

. It would seem that in all recoveries had in actions at law that the liability for the payment of the debt of the corporation must be primary and contractual, if secondary and penal.    An action in equity is the only appropriate remedy in case an accounting is necessary to ascertain the extent of the liability as a fund out of which the creditors are to be paid alike.

In the very recent case of Milsom R. & F. Co. v. Baker, 16 App. Div. 581, the opinion of Adams, J., contains many of the principles contended for and sustained in the above decisions, and his distinction and comparison between the liabilities imposed by sections 24 and 30 of the Stock Corporation Law seems to be perfect and complete.    " In case of a violation of section 30, the remedy of the creditor is an action at law against one or more of the directors, and under section 24, the liability of the directors who are in fault is limited to the excess of the indebtedness incurred over and above the paid-up capital stock, and such excess can only be ascertained by an accounting,    *    *    *    and the amount of the directors' liability, when ascertained, cannot, from the very nature of things, be appropriated to any particular debt, but is a fund for all the creditors alike.    *    *    *    To hold that no action can be brought until after a judgment, etc., and then only an equity action, in which all the directors must be joined as defendants, would defeat the beneficial purpose which this statute was designed to secure."    Milsom R. & F. Co. v. Baker, 16 App. Div. 581.

It is quite apparent that sections 54 and 55 of the Stock Cor-

poration Law are substituted for sections 10 and 24 of the Laws of 1848, together with such other provisions as would inure to the benefit of the creditor, for the collection of his debt against the stockholder, in all cases where the liability was primary and contractual.

We are of the opinion that the Stock Corporation Law contains all of the remedies of the creditor contained in all previous laws on the subject, and in harmony with the judicial interpretation of those provisions. The statute was passed for the protection of persons holding small claims against corporations, as well as those holding large claims, and it was never intended or designed that a person holding a small claim should be remediless, unless he presented his case to an equity court with all the parties in interest before it, and in some instances so numerous that they would be unable for want of means to do so.

Any other construction of the statute would defeat the main object for which it was passed, viz., full protection of each individual creditor against the stockholders jointly, and severally, and personally, in cases where they are primarily liable for the payment of the debt.

Formal decision and interlocutory judgment may be prepared, overruling defendant's demurrer, with costs, with the usual provisions allowing the defendant to otherwise plead or defend herein.

Demurrer overruled, with costs, with leave to answer.