(9 App. Div. 103.)

JONES v. HOME FURNISHING CO. (three cases).

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

NEGOTIABLE INSTRUMENTS—FICTITIOUS PAYEES—LIABILITY OF MAKER.

The maker of a note given for a valuable consideration cannot escape liability on the ground that the note was made payable to a company which had no existence, and that, therefore, the indorsement to plaintiff was fictitious, and passed no title, where it appears that the name of the payee was the name under which plaintiff did business, and that the consideration for the note was received by the maker from plaintiff.

Appeal from Kings county court.

Actions by Joshua R. Jones against Home Furnishing Company. A judgment rendered by a justice of the peace in each case in favor of plaintiff was affirmed by the county court, and defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

R. W. Newhall, for appellant.
John B. Green, for respondent.

HATCH, J. Separate actions were brought upon three promissory notes. The notes were each in the same form, excepting the dates and amounts, were made payable to the order of the National Publishing Company, and were signed by the defendant, through its president. The defendant is a domestic corporation, having its place of business in Brooklyn. The National Publishing Company is a name assumed by plaintiff in carrying on his business, and represents nothing beyond that assumption. It is conceded that the notes were each given for a valuable consideration received by the defendant from the plaintiff. But the claim is made that the notes were made payable to a company that had no existence, and, therefore, the paper was fictitious, and, as the indorsement was fictitious and spurious, no title passed to the notes. This defense savors of delay, and the use of legal remedies to prevent collection of a bona fide debt. The notes were as much payable to Jones when they were made payable to the name under which he carried on his business as though he had been named therein. It was not, in legal contemplation, a fiction, but it was the plaintiff under this business name, and represented him. When the notes were made and delivered to plaintiff under these conditions, they created a liability against the defendant in plaintiff's favor. And, had the complaint set out the fact that the payee was the plaintiff's business name, and that the notes on account thereof were so made payable, there would be little doubt that defendant would not have had the temerity to interpose a defense. At the most, the question now here is one of pleading, as plaintiff has made the usual allegation of delivery to the payee and indorsement by it to the plaintiff. But the facts were all known before issue was joined, and when the trial was had. The complaint, therefore, will be deemed amended in accordance with the facts. The note in plaintiff's hands is a subsisting liability against the defendant in his favor. Bank v. Straiton, *42 N. Y. 365; Maniort v. Roberts, 4 E. D. Smith, 83. These notes having been given for bona fide debts, and delivered to the plaintiff, defendant is estopped from setting up, as against plaintiff, that they were made payable to a fictitious payee, if by such averment the notes would be defeated in plaintiff's hands. Bank v. Alley, 79 N. Y. 536.

The judgments appealed from should be affirmed, with costs. All concur.