(38 App. Div. 333.)

## ODELL et al. v. CLYDE et al.

(Supreme Court, Appellate Division, First Department. March 24, 1899.)

ACTION ON NOTE—PLEADING.

     A complaint in an action on a note alleging that it was made by defendant J., payable to her own order, and that the defendant R. thereafter, and before maturity, duly indorsed the note, and as thus indorsed it was delivered to a bank for value, and had come into the hands of plaintiffs as a part of the assets of the bank, sufficiently alleges that the note in suit was negotiated by the maker, within 1 Rev. St. p. 768, § 5, providing that a note made payable on order of the maker or of a fictitious person, if negotiated by the maker, shall be of the same validity as if payable to bearer.

Appeal from special term, New York county.

Action by Benjamin B. Odell, Jr., and another, as receivers of the Murray Hill Bank, against Julia M. Clyde and another. From a judgment overruling a demurrer to the complaint (53 N. Y. Supp. 61), defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Henry B. B. Stapler, for appellants.
William C. Breed, for respondents.

INGRAHAM, J. The action is to recover upon three promissory notes. There are three causes of action, which are the same, except as to the description of the notes. It is alleged in the first cause of action that the defendant Julia M. Clyde on or about the 9th day of July, 1896, made her promissory note in writing, dated on that day, whereby, for value received, she promised and agreed to pay to the order of herself the sum of $4,925, at the Murray Hill Bank, in the city of New York, 30 days after the date thereof; that the defendant Robert J. Clyde thereafter, and before maturity, duly indorsed the said note, and, as thus indorsed, it was delivered to the said Murray Hill Bank, for value, and has come into the hands of these plaintiffs, as a part of the assets of the said bank. Both the maker and indorser demurred on the ground that it was not alleged that the maker of the note to whose order it was payable indorsed the same, or that it was negotiated by her.

The statute in force at the time of the making and delivery of this note provided that a note made payable to the order of the maker thereof, or to the order of a fictitious person, shall, if negotiated by the maker, have the same effect, and be of the same validity, as against the maker and all persons having knowledge of the facts, as if payable to bearer. 1 Rev. St. p. 768, § 5. Undoubtedly, to make a note payable to the order of the maker, and not indorsed, valid, within this provision of the statute, it is necessary to allege that the note was negotiated by the maker; for, until such negotiation, or, in other words, until the note is delivered by the maker, and value paid for it, it is an incomplete instrument, and imposes no liability upon the maker. The defendants insist that the complaint does not allege that this note was negotiated by the maker. Negotiation, as relating to

negotiable paper, is defined in Bouvier's Law Dictionary to be "the act by which a bill of exchange or promissory note is put into circulation, by being passed by one of the original parties to another person. * * * There are two modes of negotiation, viz. by delivery and by indorsement." Thus, an allegation that the note was delivered for value is equivalent to an allegation of its negotiation.

In Bank v. Lang, 1 Bosw. 206, it is said:

"We consider that a note is negotiated, within the statute, when it is delivered out by the maker for a consideration received, or agreed to be received, or delivered for circulation."

In Bank v. Straiton, *42 N. Y. 366, it was said:

"It is not only stated in the complaint in this action that the plaintiff is the owner and holder of the check, but also that it was transferred and delivered to him for a valuable consideration, and that he became its owner and holder by virtue of that transfer and delivery. This cannot be true, unless the drawee of the check transferred and delivered it directly to the plaintiff, or to some other person by or through whom it was transferred to the plaintiff."

And this allegation is sufficient on demurrer. It was alleged that this note, having been made by the defendant Julia, payable to her order, was thereafter, and before the maturity thereof, duly indorsed by defendant Robert, and, as thus indorsed, it was delivered to the Murray Hill Bank for value. This allegation necessarily implies that the note was delivered by the maker. As was said in Prindle v. Caruthers, 15 N. Y. 429, "a complaint thus worded implies that the plaintiff owns the instrument in some legal manner of deriving title," and thus is equivalent to an allegation that the note was negotiated by the maker. It is well settled that upon demurrer the complaint is deemed to allege what can be implied from the allegations therein, by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred. Marie v. Garrison, 83 N. Y. 23. And "it is not sufficient, to sustain a demurrer, to show that the facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that the material facts are argumentatively stated." Milliken v. Telegraph Co., 110 N. Y. 408, 18 N. E. 251. We think, therefore, that the complaint, in substance, averred that the notes in suit were negotiated by the maker, and that, within the statute, the note was payable to bearer.

It follows that the judgment appealed from was right, and it is affirmed, with costs, with leave to the defendants to withdraw their demurrers and answer over upon payment of costs in this court and the court below. All concur.

BARRETT, J. (concurring). I desire to add to what Mr. Justice INGRAHAM has said that I do not think that the mere allegation of the making of the note here imports delivery. That is undoubtedly the rule where the payee is a real person, other than the maker. That rule, however, does not apply where the note is made payable to the order of the maker, or to a fictitious person, or to bearer, or to bills payable, or the like. The making of such a note imports delivery to no one in particular. Where, however, in one of the latter class of cases, the plaintiff avers, in addition to the making, that the note

was delivered to him for value, that allegation imports such delivery by the maker. This was expressly held in Bank v. Straiton,* 42 N. Y. 365. If the defendants desired to have the allegation that "it [the note made by Julia M. Clyde] was delivered to the Murray Hill Bank for value" made more definite and certain, they should have moved for that relief. The allegation, as it stands, imports that it (the note) was delivered by the defendant Julia M. Clyde to the Murray Hill Bank for value. That allegation, with such import, is equivalent to the allegation required by the statute. If delivered to the bank by the maker for value, it was thereby negotiated by the maker.