Amos W. Morgan, Respondent, *v.* Arthur E. Hedstrom et al., Appellants.

1. Stock Corporation Law — Construction of § 30.   The provision of section 30 of the Stock Corporation Law (L. 1892, ch. 688) which declares that if the annual report required by the law is not made and filed, the directors shall jointly and severally be personally liable for all the debts of the corporation then existing, is remedial, and. if necessary, should be liberally and not narrowly construed so as to embrace the debts within the language of the act, however strictly it may be construed as to the acts of the directors constituting their alleged default, or as to the evidence of debt of the corporation; and corporate bonds secured by a mortgage upon a corporation's real estate are within the meaning and intent as well as within the language of such provision.

2. Limitation of Action to Enforce Penalty.   The cause of action to enforce the penalty prescribed for failure to file the annual report required by law, on account of a default, made before the maturity of the bonds or interest coupons for the amount of which it is sought to hold the directors, accrues at the dates respectively of the maturity of the coupons and the bonds, as to the directors then in office; and the liability of a director, whose election and default in filing the report occurs after the maturity of the debt, attaches at the time his default is complete, since the debt is "then existing;" and if the action is begun within three years from the earlier date it is within the limitation prescribed by section 394 of the Code of Civil Procedure.

3. Liability of Directors for Successive Failures to File Annual Report — Joinder of New Directors.   Successive defaults in making and filing reports by the same directors do not renew as to them the penalty already incurred under section 30, but when a new member comes into the board a new default makes him jointly and severally liable for the debts "then existing," that is, he becomes jointly liable with the old members of the new defaulting board; and a single action may be maintained against both the old and new directors if brought before the Statute of Limitations bars the liability of either.

4. Effect of the Participation as Director in Previous Defaults by the Vendor of Bonds.   That the vendor of corporate bonds was at the time of the sale a director of the corporation and was participating with the other directors in the default in filing the annual report, and, therefore, could not enforce the penalty prescribed by section 30 against his co-directors, does not prevent the purchaser of the bonds from enforcing the penalty on account of a subsequent default by them in which the vendor also participated.

5. Mistake of Date at which Directors Incurred Penalty.   A mistake by the plaintiff in an action to enforce the penalty prescribed by

section 30 for failure of directors to file the annual report, in alleging the date at which the penalty was incurred, due to a mistake as to the date the law fixes, is not reversible error if within the true dates the plaintiff has shown his right to recover.

*Morgan* v. *Hedstrom*, 25 App. Div. 547, affirmed.

(Argued June 14, 1900; decided October 2, 1900.)

APPEAL from a judgment of the Supreme Court, entered February 14, 1898, upon an order of the Appellate Division in the fourth judicial department, overruling defendants' exceptions, ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial, and directing judgment for plaintiff upon a verdict directed by the trial court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John G. Milburn* and *William A. Douglas* for appellants. The provisions of section 30 of the Stock Corporation Law and of section 12 of the Manufacturing Act of 1848 have been uniformly held to be highly penal, and, therefore, subject to the strictest interpretation. (*Garrison* v. *Howe*, 17 N. Y. 458; *Wiles* v. *Suydam*, 64 N. Y. 173; *Cameron* v. *Seaman*, 69 N. Y. 396; *Bruce* v. *Platt*, 80 N. Y. 379; *Stokes* v. *Stickney*, 96 N. Y. 323; *Whittaker* v. *Masterton*, 106 N. Y. 277; *Mitchel* v. *Hotchkiss*, 48 Conn. 20; *Breitung* v. *Lindhauer*, 37 Mich. 230; *Chase* v. *Curtis*, 113 U. S. 458; *W. A. Co.* v. *Barlow*, 68 N. Y. 34.) It was not the legislative intent to embrace within the scope of the penal provisions of section 12 of the Manufacturing Act, or section 30 of the Stock Corporation Law, obligations like those in question, viz., bonds of the corporation running for a long period of years and secured by mortgage upon the entire property of the corporation, subscribed for and taken wholly upon the strength of such security, and they are not such an indebtedness as is within the statute and can be recovered from a director by reason of his omission to file an annual report. (*Jones* v. *Barlow*, 62 N. Y. 208; *Bruce* v. *Platt*, 80 N. Y.

29

386; *S. & H. Q. Co.* v. *Bliss,* 27 N. Y. 297; Thomp. on Corp. § 4222; *S. E. Co.* v. *Hubbard,* 101 U. S. 188; *P. S. Co.* v. *Cornell,* 86 Hun, 319; *Vernon* v. *Palmer,* 16 J. & S. 231; *Carr* v. *Risher,* 50 Hun, 148; *Losee* v. *Bullard,* 79 N. Y. 404; *Rector* v. *Vanderbilt,* 98 N. Y. 174; *Chapman* v. *Comstock,* 58 Hun, 325.) The defendant Hedstrom was not in January, 1896, or at any other time, a stockholder in this corporation, and was not, therefore, a director or trustee. (*Matter of Newcombe,* 42 N. Y. S. R. 442; *Craw* v. *Easterly,* 4 Lans. 513; *C. Nat. Bank* v. *Colwell,* 132 N. Y. 250; *Beardsley* v. *Johnson,* 121 N. Y. 224; *Bruce* v. *Platt,* 80 N. Y. 379; *Matter of N. S. & S. I. F. Co.,* 65 Barb. 371; *Matter of Elias,* 17 Misc. Rep. 718; *Bainbridge* v. *Smith,* L. R. [41 Ch. Div.] 462; *Tunis* v. *H., etc., R. Co.,* 149 Penn. St. 70.) The liability of an individual director respecting a particular debt when once it has attached by failure to file the annual report is not renewed or extended by subsequent or successive defaults, neither do the latter create against him a new cause of action as to such indebtedness. (*Losee* v. *Bullard,* 79 N. Y. 404; *Rector, etc.,* v. *Vanderbilt,* 98 Hun, 174; *Chapman* v. *Comstock,* 58 Hun, 325; *Cornell* v. *Roach,* 11 Wkly. Dig. 528; *Jones* v. *Barlow,* 62 N. Y. 202, 206; *P. S. Co.* v. *Cornell,* 86 Hun, 319, 324; *Vernon* v. *Palmer,* 16 J. & S. 231; *Carr* v. *Risher,* 50 Hun, 148.) There was no obligation on the part of the directors of this corporation to file any report in 1896, in view of the fact that the company, for some years previous to that time, had ceased practical operations in its business. (*Bruce* v. *Platt,* 80 N. Y. 379.) The bonds in suit having been acquired from a trustee who could not enforce this liability against co-trustees, his transferees obtained no larger rights than he had. (*C. Nat. Bank* v. *Colwell,* 14 Daly, 361; *Knox* v. *Baldwin,* 80 N. Y. 610; *McClave* v. *Thompson,* 36 Hun, 367; *Easterly* v. *Barber,* 65 N. Y. 252.) The three years' Statute of Limitations had run against the claim herein prior to the commencement of this action, and especially as to the interest upon these bonds which accrued prior to August, 1893. (*Merchants'*

*Bank* v. *Bliss*, 35 N. Y. 412 ; *W. A. Co.* v. *Barlow*, 63 N. Y. 62.)

*Norris Morey* and *Thomas R. Stone* for respondent. The trustees of the corporation are jointly and severally personally liable for all the debts of the corporation then existing upon failure to file the report required by section 30 of the Stock Corporation Law, and they may be sued together or one trustee held responsible for all the debts, nor is it necessary to recover a judgment against the corporation before proceeding against the trustees. (*Roach* v. *Duckworth*, 95 N. Y. 391 ; *Rector, etc.*, v. *Vanderbilt*, 98 N. Y. 170 ; *Green* v. *Easton*, 74 Hun, 329 ; *Ross* v. *Shadwick*, 9 App. Div. 311 ; *C. Mfg. Co.* v. *Reamer*, 14 App. Div. 408 ; *M. R. & F. Co.* v. *Baker*, 16 App. Div. 581 ; 153 N. Y. 687 ; *S. H. Co.* v. *Bliss*, 27 N. Y. 297 ; *Vincent* v. *Sands*, 42 How. Pr. 231.) The trustees of a corporation are liable for " all the debts " of the corporation upon their failure to make and file the annual report. (*Palmer* v. *Van Santvoord*, 153 N. Y. 615 ; *People* v. *B. S. & C. Co.*, 131 N. Y. 140 ; *M. R. & F. Co.* v. *Baker*, 16 App. Div. 583 ; *Allen* v. *Clark*, 108 N. Y. 269 ; *Roach* v. *Duckworth*, 95 N. Y. 397 ; *Adams* v. *Mills*, 60 N. Y. 533 ; *Jones* v. *Barlow*, 62 N. Y. 202 ; *Lee* v. *Jacobs*, 38 App. Div. 531 ; *Boughton* v. *Otis*, 21 N. Y. 261 ; *Vincent* v. *Sands*, 1 J. & S. 511 ; 58 N. Y. 673.) No cause of action had accrued to this plaintiff against the defendants before the repeal of section 12 of the Manufacturing Act of 1848 by the Laws of 1890. (*Bank* v. *Faber*, 1 App. Div. 341 ; 150 N. Y. 200 ; *Close* v. *Potter*, 155 N. Y. 145.) The bonds of the corporation held by the plaintiff became due and payable December 1, 1893, and by the failure of the trustees of the company to file the annual report in January, 1894, a cause of action accrued against the defendants Holden who were then trustees. (*Rector, etc.*, v. *Vanderbilt*, 98 N. Y. 170 ; *Duckworth* v. *Roach*, 81 N. Y. 49 ; *Bruce* v. *Platt*, 80 N. Y. 379 ; *Boughton* v. *Otis*, 21 N. Y. 261 ; *Carley* v. *Hodges*, 19 Hun, 187 ; *Chapman* v. *Lynch*, 156 N. Y.

551; *Blake* v. *Clausen*, 10 App. Div. 223; 158 N. Y. 727; *Losee* v. *Bullard*, 79 N. Y. 407; *Vincent* v. *Sands*, 42 How. Pr. 231; *Cornell* v. *Roach*, 101 N. Y. 373.) The fact that these bonds were acquired by the respondent through or from E. L. Hedstrom in 1884, and that he then was and continued to be a trustee until his death in 1894, is not a defense for these appellants. (*Cornell* v. *Roach*, 101 N. Y. 373; *Easterly* v. *Barber*, 65 N. Y. 252; *Knox* v. *Baldwin*, 80 N. Y. 610; *Briggs* v. *Easterly*, 62 Barb. 51; *McLean* v. *Thompson*, 36 Hun, 367; *Brackett* v. *Griswold*, 103 N. Y. 428; *Roberge* v. *Winne*, 144 N. Y. 712; *Cohu* v. *Husson*, 113 N. Y. 662.) The defendant Arthur E. Hedstrom is liable as a trustee for the non-performance of the duty of the trustees to make and file an annual report in January, 1896, as required by section 30 of the Stock Corporation Law. (*Wile & B. Co.* v. *R. & K. F. L. Co.*, 4 Misc. Rep. 423; *Halstead* v. *Dodge*, 19 J. & S. 169; *Matter of N. S. S. I. Ferry Co.*, 63 Barb. 556; *Beardsley* v. *Johnson*, 121 N. Y. 228.) There was nothing in the condition of the corporation which excused the directors from making and filing their annual report in January, 1896. (*Kincaid* v. *Dwinelle*, 59 N. Y. 548; *Hollingshead* v. *Woodward*, 107 N. Y. 96; *Losee* v. *Bullard*, 79 N. Y. 407.)

LANDON, J. The plaintiff has recovered a judgment against the defendants for the amount of the principal and interest of ten bonds of $1,000 each, issued by the Franklin Iron Manufacturing Company, a corporation organized in 1879 for the purpose of mining ore, and manufacturing iron in this state, under chapter 40 of the Laws of 1848, known as the Manufacturing Act, which bonds and the interest thereon were secured by a mortgage duly given by the company upon its real estate. Neither the company nor any of its directors ever filed any annual report. The recovery was had under section 30 of the Stock Corporation Law (Chapter 688, Laws 1892) which declares that " if such report is not made and filed, the directors shall jointly and severally be personally liable for all the debts of the corporation then existing." The

ten bonds were part of a total issue of $120,000 issued December 1, 1883, payable ten years from date with interest semi-annually. The bonds fell due December 1, 1893, and with interest falling due June 1, 1893, and since accruing, remain unpaid. The mortgage has not been foreclosed.

The defendants contend that bonds of a corporation issued upon the security and credit of a mortgage upon the corporation's real estate are not within the meaning and intent of section 30, and, therefore. not within the section itself; that there is no need to file any report for the information or protection of creditors thus secured ; that the purchaser knows the nature of his security and accepts and relies upon it; that if the bonds are not paid, he has his recourse to the mortgage; that the statute is penal in its nature, and was framed for the benefit of those dealing with the corporation, and giving it credit or further extending it in the ordinary course of business. Reference is made to the history of the legislation. When section 12 of the act of 1848 was enacted, section 2 of the same act prohibited the corporation from giving a mortgage or lien upon its property, and, therefore, the corporation could have no mortgage bond creditors. By chapter 517, Laws of 1864, the act was amended permitting the corporation to mortgage its real estate upon the written assent of stockholders owning two-thirds of its stock. This provision was extended to personal property by chapter 481, Laws of 1871, and to franchises and privileges by chapter 163, Laws of 1878. The argument is that as mortgage debts were not and could not be made under the original act of 1848, and as when such debts were authorized by subsequent legislation, they would, when contracted, be secured by the mortgage, they formed a new class with a new security, not within the spirit of the original enactment, and only constructively brought within its letter by the subsequent amendments, which, while authorizing a new class of debts upon mortgage security, failed to state that the original class protected by the annual reports was not intended to be enlarged; that the court should take notice of the sequence of the enactments, and not place a new

class of secured debts under an old statute made to protect debts not otherwise secured.

The argument of the plaintiff is the · section, itself, which embraces "all the debts of the corporation then existing," thus including all and excepting none. It is a settled rule of construction that an original statute and all its amendments must be read together and viewed as one act passed at the same time. (*Blake* v. *Wheeler*, 18 Hun, 496 ; *Lyon* v. *Manhattan R. Co.*, 142 N. Y. 298, 303 ; *Rogers* v. *Bradshaw*, 20 Johns. 735, 744.) When the courts make an exception from the letter of a statute, because the subject excepted is not within its spirit and meaning, they do so to avoid a result so unreason- able or absurd as to force the conviction upon the mind that the excepted subject could not have been intended by the legislature, and that if it had been presented to that body, it would have disclaimed any intention to include it. It will suffice to refer to *Riggs* v. *Palmer* (115 N. Y. 506) and *Holy Trinity Church* v. *U. S.* (143 U. S. 457) in which the rule is discussed and illustrated. The whole matter was revised and re-enacted in the Stock Corporation Law of 1890, and pre- ·sumably if this particular exception had been overlooked in the previous enactments, it would then have been inserted. This court has held that that act declares the legislative policy in regard to the various laws embraced in the revision made by it, and that section 30 was but a continuation of·prior laws. (*Bank of Metropolis* v. *Faber* (150 N. Y. 200). There are not lacking some considerations tending to show the propriety of including debts secured by mortgage within the class covered by section 30, and thus affirmatively supporting the legislative intent to include them. They are no less · debts because secured. The court has said that the section embraces every debt of every nature. (*Roach* v. *Duckworth*, 95 N. Y. 397; *Jones* v. *Barlow*, 62 N. Y. 202 ; *Adams* v. *Mills*, 60 N. Y. 533.) If they are recovered under this provision the mort- gage is either released to the greater protection of the other creditors or the directors are subrogated to the plaintiff's rights under the mortgage by virtue of subdivision 2 of sec-

tion 34 added to the Stock Corporation Law by chapter 354, Laws of 1899, which provides that "any director or officer, who, because of any such existing or future liability, shall pay any debt of the corporation, shall be subrogated to all rights of the creditor in respect thereof against the corporate property." We refer to this act as the latest evidence that the legislative construction is that mortgage debts are within the meaning of section 30, and for no other purpose. If the maturity of the mortgage debt is postponed for ten years or longer, the value of the real estate mortgaged may so depreciate as to be practically valueless as security, and, hence, the creditor may have the greater need for this remedy.

The statute gives to private corporations special franchises and privileges. As the corporation itself can have no sense of legal obligation or of common honesty or fairness, the statute makes an attempt to compel its directors, under penalty of personal liability, to communicate to the public such information about its assets and liabilities as may be useful to its creditors. The extent of this information and of the penalty for withholding it are purely of legislative cognizance. The provision is remedial and if necessary should be liberally and not narrowly construed so as to embrace the debts within the language of the act, however strictly construed as to the acts of the directors constituting their alleged default, or as to the evidence of the debt of the corporation. (*Miller* v. *White*, 50 N. Y. 137.) Construing section 30 according to its terms and in the light of its history, and of the intention of the legislature so far as such intention may reasonably be inferred, we find no warrant for engrafting upon it by a narrow construction the exception for which the defendants contend.

The principal of the bonds became due Dec. 1, 1893. The interest thereon falling due June 1, 1893, is unpaid, and no interest has since been paid. The principal debt of the corporation and the interest became due within the meaning of section 30, at those dates respectively, and as to the defendants Holden, the directors then in office, the cause of action for the penalty matured at the same dates. (*Jones* v. *Barlow*, 62

N. Y. 202; *Losee* v. *Bullard*, 79 N. Y. 404; *Rector of Trinity Church* v. *Vanderbilt*, 98 N. Y. 170; *Duckworth* v. *Roach*, 81 N. Y. 49.) The action was begun May 13, 1896, and thus within the three years limited by section 394 of the Code of Civil Procedure. This would also be so if we assume within the cases cited that the penalty was incurred when the bonds were first issued, or during any of the ten years which they had to run, and the cause of action to recover it remained dormant until the bonds became due.

The defendant Hedstrom was elected trustee in June, 1895, and his default in filing the report occurred in January, 1896, and his liability to the penalty then attached because thé debt was "then existing." (*Boughton* v. *Otis*, 21 N. Y. 261; *Vincent* v. *Sands*, 42 How. Pr. 231; affirmed, 58 N. Y. 673.)

The complaint charges all the defendants with liability because of the default in filing the report in 1896. The answer alleges the default of the defendants Holden in 1893, and thereupon alleges a misjoinder of a cause of action against themselves, with a separate cause of action against the defendant Hedstrom whose default did not occur until 1896. This, however, is not an allegation that all the defendants were not liable when the action was commenced, but that their liability accrued at different dates. The statute makes every director jointly and severally liable for the penalty incurred by the default of the board of which he is a member, in filing the report. The liability is for debts "then existing" — that is, whether due or not. Cumulative penalties are not favored, unless expressly declared; besides, the penalty does not exceed the debt, and one is, therefore, enough. Therefore, successive defaults by the same directors do not renew as to them the penalty already incurred, but when a new member comes into the board a new default makes him jointly and severally liable for the debts "then existing" — that is, he becomes jointly liable with the old members of the new defaulting board. As they were already liable because of their previous default, the new member is jointly associated with them in that liability, so long as their several liability is concurrent. This is enough

for the creditor's purposes if he bring his action against them all before the Statute of Limitations bars that liability, as in the case before us.

The plaintiff purchased his ten bonds in January, 1884, of Eric L. Hedstrom, then the owner thereof, and then and until his death in October, 1894, a director and the president of the company. As such director he was in default in filing the report at the time of his sale of the bonds to the plaintiff, and he could not enforce the penalty against his co-directors. (*Knox* v. *Baldwin*, 80 N. Y. 610.) The defendants Holden urge that the plaintiff stands in his shoes and cannot recover against them. The plaintiff succeeded to the title of Eric L. Hedstrom to the bonds, but not to the penalties and disabilities consequent upon his personal nonfeasance as a director of the corporation. That nonfeasance did not affect the salable quality of the bonds themselves (*Cornell* v. *Roach*, 101 N. Y. 373), nor deprive the plaintiff in his character as creditor of the corporation of the remedy which the statute gave him.

No doubt the parties in drawing their pleadings felt some uncertainty under the cases as to the year in which the directors, other than the defendant Hedstrom, incurred the penalty. A mistake of date due to a mistake as to the date the law fixes, is not reversible error, if within the true dates the plaintiff has shown his right to recover. We venture to solve the uncertainty thus:

While the director, Eric L. Hedstrom, held these bonds, his co-directors incurred no penalty in his favor as to them. They incurred none in favor of the plaintiff until after he by the purchase of the bonds became a creditor of the corporation. Then he had an "existing debt" against it. The statute affixes the penalty as to existing debts "at the time" the default in filing the report becomes complete, thus excluding any other time. The plaintiff bought the bonds in January, 1884, and, therefore, the directors first thereafter making default in filing the report incurred the penalty as to the plaintiff. The defendants Holden were then directors. If the plaintiffs bought the bonds before January 21st of that

year, the penalty was incurred upon the close of that day; if after that date, then in January, 1885. If these views are correct, then the date at which the penalty was incurred by the Holdens removes it from attack through Eric L. Hedstrom's default.

The judgment and order should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN and CULLEN, JJ., concur; BARTLETT, J., dissents.

Judgment and order affirmed.