conditions change, making it desirable to require new consents; but the same reason applies with equal force to places lawfully existing when the act took effect, and to which this requirement concededly does not apply. I am of the opinion that the consent of the original owners, permitting the traffic in liquor by their tenant upon the premises in question, not being given for a limited term, once made and filed as required by the liquor tax law, remains effective so long as such premises are continuously occupied by him for such traffic, notwithstanding a change in the ownership thereof. The views which I have expressed lead to the conclusion that the application to cancel and revoke the liquor tax certificate should be denied.

Application to revoke the liquor tax certificate is denied, with $50 costs and disbursements.

_____

(59 App. Div. 595.)

GINSBURG v. VON SEGGERN.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

1. BILLS AND NOTES—PLEADING—COMPLAINT—SUFFICIENCY—DELIVERY.
      A complaint alleging that defendant made, executed, and delivered its note, wherein it promised to pay a certain amount to plaintiff's indorser, is not insufficient for failure to state to whom the note was delivered.

2. SAME—STOCK CORPORATION LAW—ORIGINAL INDEBTEDNESS.
      In an action on a note against a director who had become liable for the debts of a corporation because of a failure to file a report as required by Laws 1892, c. 688, § 30 (Stock Corporation Law), a complaint which was defective for failure to allege any original indebtedness for which the note was given was cured by testimony admitted without objection at the trial showing that there was in fact an original indebtedness.

3. SAME—LIABILITY OF DIRECTOR—NECESSITY FOR JUDGMENT AGAINST CORPORATION.
      A creditor of a corporation may sue a director for his debt, where the corporation has failed to file a report as required by Laws 1892, c. 688, § 30 (Stock Corporation Law), without first obtaining a judgment and levying an execution against the corporation.

4. SAME—CORPORATION DEBTS—TIME WHEN DUE.
      Under Laws 1892, c. 688, § 30 (Stock Corporation Law), making directors of stock corporations liable for the debts of the corporation in case of failure to file a report as required, a director is liable for a debt that is not to be paid within one year from the time it is contracted.

5. SAME—ALLEGATIONS OF FACT.
      In an action against a director of a stock corporation under Laws 1892, c. 688, § 30 (Stock Corporation Law), a complaint that does not specifically allege that the company is a stock corporation is not objectionable for that reason, when it contains allegations that the company was organized under the general manufacturing act of 1848, and sets forth the object for which it was incorporated. so that it can be seen that it is in fact a stock corporation.

6. SAME—TERMINATION OF CORPORATE EXISTENCE.
      Under Laws 1892, c. 688, § 30 (Stock Corporation Law), making directors of stock corporations liable for the debts of the company in case of failure to file an annual report, a director is not excused from such liability by reason of the fact that the company was out of existence before the note sued on became due, where it appears that the company was in existence at the time when the statute required a report to be filed, and that default occurred by reason of failure to file such report for the next year after the creation of the indebtedness.

7. ANSWER—AMENDMENT AT TRIAL—SURPRISE.

Permission to amend an answer at trial was properly refused where plaintiff's attorney made oath that he had prepared the case for trial on the answer as served, and was not prepared to meet proof which such amendment might permit defendant to offer.

8. SAME—CO-DIRECTOR'S RIGHT TO RECOVER.

In an action to recover a corporate debt from a director under Laws 1892, c. 688, § 30 (Stock Corporation Law), making directors of stock corporations liable for corporation debts in case of failure to file annual reports as required, the fact that plaintiff is a co-director with defendant does not affect defendant's liability.

9. SAME—PLAINTIFF'S LIABILITY TO DEFENDANT IN SEPARATE ACTION—TRUST FUND—UNASCERTAINED INTEREST.

Where plaintiff sued to recover a corporate debt for which defendant had become liable as director by failure of the corporation to file an annual report as required by Laws 1892, c. 688, § 30 (Stock Corporation Law), plaintiff's right to recover was not affected by the fact that, in an action brought by the defendant and others against plaintiff as trustee, an interlocutory judgment had been rendered appointing a referee to take the account of the plaintiff as trustee, and directing plaintiff to pay to defendant his proportionate share of the trust fund when that proportion should be ascertained.

McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Hyman H. Ginsburg, as trustee, against Arend H. Von Seggern. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Edward W. S. Johnston, for appellant.
Benjamin Tuska, for respondent.

PATTERSON, J. This cause was tried by the court without a jury, and resulted in a judgment for the plaintiff, from which an appeal is taken. The action was brought to enforce the liability of a trustee, under the provisions of section 30 of the stock corporation law, for failure to file an annual report of the Schmalz Cigar-Machine Company, of which corporation, it is alleged, the defendant was a trustee or director. It appeared that the defendant did not file either a report of the company, or the statement required by the section referred to, to relieve him from liability. The facts of the case are complicated, and many propositions are urged by the defendant in his effort to defeat the plaintiff's cause of action. To some of those propositions no reference is necessary. I shall refer only to those which seem to require serious consideration.

It is alleged in the complaint that the indebtedness of the corporation upon which the action is founded arises upon a promissory note dated March 31, 1890, made by the Schmalz Cigar-Machine Company, payable on or before the 27th day of May, 1894, to the order of John E. Schmalz, for $5,000, which note was afterwards, for value, assigned and transferred by John E. Schmalz to the plaintiff. It is further alleged that the plaintiff by an agreement in writing dated the 27th day of May, 1889, made between himself and other persons, was constituted the depository of a fund amounting to $20,000, which fund he was to hold for the benefit of certain persons referred to in

the agreement; that the Schmalz Cigar-Machine Company was a domestic corporation; that the defendant was an incorporator, and immediately after the incorporation became a director or trustee of the company, and accepted that office; and that at the time of the creation of the indebtedness mentioned, and afterwards, he continued to act as a director and trustee, and still continues so to act. It is further averred that the corporation never made and filed a report as required by law, but failed to make and file such report for any year or at any time during the period of its incorporation, and that the defendant had not caused the same to be filed on behalf of the company; that by reason of such failure and default the defendant, by force of the statute, became liable to the plaintiff for the amount of the note aforesaid, as indebtedness of the company. That note is now part of the trust fund. The answer of the defendant denies the allegation of the complaint concerning his directorship or trusteeship, and also the allegations relating to the failure to make and file a report. It appears, however, by the evidence that the defendant was a director before the time at which the note above mentioned was given, and that no one ever succeeded him in his office of director; and it also appears by a certificate of the secretary of state that no report of the condition of the Schmalz Cigar-Machine Company was ever filed after the year 1890, or that any statement was ever filed by the defendant to exonerate him from liability for the failure to file a report. There are many separate defenses set up in the answer and claims by way of set-off or counterclaim, but the only questions in my judgment requiring consideration relate to the plaintiff being entitled to recover in consequence of the alleged insufficiency of the complaint as stating a cause of action, to the right of the plaintiff to recover in view of the situation of the parties, as that situation will be presently referred to, and to the effect of the pendency of another action between these parties and others in which an interlocutory judgment has been entered.

The first inquiry, relating to the sufficiency of the complaint, arises upon a motion made at the beginning of the trial, and before any proof was taken, to dismiss the complaint. There were many grounds upon which that motion was made, but the substantial one is that the plaintiff failed to allege the original indebtedness for which the note was given, or how or when contracted, or, in other words, that the original consideration for the note should have been pleaded; that consideration, if any, being the substantial indebtedness, and the note being merely the evidence thereof. The allegation of the complaint is that the Schmalz Cigar-Machine Company became and still is indebted to this plaintiff as follows: That on or about the 31st day of March, 1890, the said Schmalz Cigar-Machine Company made, executed, and delivered its promissory note wherein and whereby it promised to pay on or about the 27th day of May, 1894, to the order of John E. Schmalz, $5,000, at the Chatham National Bank, in the city of New York, for value received, with interest at 6 per cent., payable quarterly. It is objected that it is not alleged to whom the note was made, executed, and delivered. There is no force in this objection. The averment that a bill or note was made

or drawn includes the idea of delivery. Daniel, Neg. Inst. (4th Ed.) § 63; Peets v. Bratt, 6 Barb. 662; Keteltas v. Myers, 19 N. Y. 232; Prindle v. Caruthers, 15 N. Y. 425; Odell v. Clyde, 38 App. Div. 333, 57 N. Y. Supp. 126. But, if any defect existed in the allegations as to the making and delivery of the note, it is effectually remedied by the subsequent allegation "that thereafter the said John E. Schmalz, for value received, duly assigned and transferred all his right, title, and interest in and to said note to the plaintiff herein." From this allegation it appears that Schmalz indorsed the note, and that he delivered it to the plaintiff. The allegation is in exact conformity to the fact proved, and for all purposes of the action is sufficient. It shows title to the note in the plaintiff, who does not seek to establish liability against an indorser, nor claim title by indorsement.

We are thus brought to the objection that there was no allegation of any original indebtedness of the company either to Schmalz or the plaintiff; that the allegation that the Schmalz Cigar-Machine Company became and still is indebted to the plaintiff is but a conclusion of law; that the defendant, if liable, is only liable for the debts of the company, not for its note. I do not think we are required, upon this record, to dispose of this appeal upon the question of the sufficiency of the allegation of the complaint respecting the existence of an original indebtedness, separated from the claim arising on the note, as it has been called. Even if the complaint were insufficient in that regard, the defect was supplied by proof furnished by the plaintiff to the effect that the creation of the debt and the execution and delivery of the note were simultaneous, and parts of one and the same transaction. The plaintiff testified as follows:

"After this note was made and delivered to John E. Schmalz, he indorsed the same and transferred it to me as trustee, and I paid him $5,000 at the time. I paid this $5,000 out of the trust moneys deposited with me under the agreement Exhibit B. This transaction took place on the same day the note was delivered to Schmalz."

It also appeared by a resolution of the trustees of the Schmalz Cigar-Machine Company passed the 10th of March, 1890, "that the treasurer of the company be empowered and authorized, and he is hereby empowered and authorized, to borrow the sum of $5,000 for the period of three years, at the rate of six per cent. per annum." It also appeared from the minutes of the company that on March 29, 1890, the secretary reported that John E. Schmalz had offered to loan the company $5,000 on a note bearing 6 per cent. interest, payable on May 27, 1894, and on motion the treasurer was requested to borrow the money from Mr. John E. Schmalz on the above condition, and further that the loan was made and the $5,000 procured upon the note thus authorized to be given by the company. I do not find that any specific objection was taken to the admission of this evidence, but only an objection to the allowance of the note in evidence; and that objection was taken and passed upon before the evidence of the consideration came into the case, and was not broad enough to cover the proof of the consideration for which the note was given. Therefore it must be held that if the allegations of the complaint were insufficient the defect was fully supplied by proof of the original consider-

ation of the note, namely, money borrowed for and used by the Schmalz Cigar-Machine Company.

It is further claimed by the defendant that the complaint was insufficient because it failed to set up that a judgment had been obtained against the corporation, and an execution returned unsatisfied thereon. But this objection is unavailing. Rose v. Chadwick, 9 App. Div. 311, 41 N. Y. Supp. 190; Manufacturing Co. v. Reamer, 14 App. Div. 408, 43 N. Y. Supp. 1027.

It is further urged that the defendant is not liable as a director, because the indebtedness of the company was not to be paid within one year from the time at which it was contracted. There is nothing in the statute which gives force to such an objection. The corporation was organized under chapter 40 of the Laws of 1848, and the liability of the trustees for failure to file the annual report was fixed by section 12. In that section nothing is said about the time the debt should run before maturity or otherwise, but the trustees are made liable for all debts of the company existing at the time of the failure to file a report, and for all contracted before the filing of a report. Section 24, which creates a liability on the part of stockholders generally for debts of the company, does contain a provision limiting the time to one year, but it has no application to such a case as this. The law of 1848 was repealed by the codification of the corporation laws in 1890 and 1892. Section 30 of chapter 688, Laws 1892 (Stock Corporation Law), fixes the liability of directors for failure to file an annual report, and contains no provision as to time, except that the liability is for all debts of the corporation then existing, and for all contracted before such report is made,—substantially the same provision as that contained in the act of 1848. It contains, however, the superadded provision that a director may exonerate himself from liability by filing a certificate in the form and manner therein provided.

It is further objected that the complaint did not allege directly that the defendant was a stock corporation other than a moneyed corporation, and does not allege in terms that the company was a stock corporation. There is no force in this objection. The complaint alleges that the company was organized under the general manufacturing act of 1848, and sets forth the object for which it was incorporated, as stated in its certificate of incorporation. That is sufficient. Bank v. Keim, 52 App. Div. 135, 64 N. Y. Supp. 1070. But in addition to this the defendant shows in his answer that the company is in effect a stock corporation, when he alleges that he is the owner of 26 shares of the capital stock of the said Schmalz Cigar-Machine Company. This is an admission of the fact that the company is a stock corporation.

At the close of the plaintiffs case the motion to dismiss was renewed upon all the grounds stated on the opening, and very many others. The motion was again denied, as was also one to amend the answer, to both of which exceptions were taken. I do not think there was any merit in either of those motions. The uncontradicted evidence shows that the note was given for a bona fide debt of the company, and that it had the benefit of the avails of it.

It was claimed that the company was out of existence at the time the note became due, which was not proved; but, if that be true, it would not relieve the defendant from liability. The existence of the company at the time the note became due is immaterial. If the company was in existence at the time when the statute required a statement to be filed, and default occurring by failing to file an annual report for the next year after the creation of the indebtedness, the liability of all the directors then in office became fixed. Lee v. Jacob, 38 App. Div. 531, 56 N. Y. Supp. 645. Here the indebtedness was created in March, 1890. It appears that not only was no report filed in January, 1891, but no report was ever filed by the company; nor did the defendant ever make and file a certificate which would exonerate him from liability. That latter fact is admitted by the answer. It appears by the undisputed evidence that the company was in existence in January, 1891; for the plaintiff testifies that a meeting was held on January 12th. It does not appear in the record by any direct testimony that the company had ceased to exist when the note became due. Evidence of such fact was excluded on the ground that no such defense was pleaded. A motion was then made to amend the answer by inserting an allegation to the effect that the organization of the company was abandoned at the end of the year 1890, and that the company had exercised no acts of ownership over property and had done no business from the end of the year 1890. The evidence was properly excluded, and the motion to amend the answer was properly denied; the plaintiff's attorney swearing that he had prepared the case for trial on the answer as served, and was not prepared to meet any proof which such an amendment at this time would or might permit the defendant to offer.

It is also contended by the appellant that the plaintiff, being a director of the company, could not enforce the statutory liability against a co-director; but it has been held that it is immaterial whether the derivation of the debt was originally in favor of a director, as creditor, or not. Cornell v. Roach, 101 N. Y. 373, 5 N. E. 52; Morgan v. Hedstrom, 164 N. Y. 224, 58 N. E. 26. But this plaintiff ceased to be a director on June 3, 1890, when a new board was elected, so that when the default next after the creation of the debt occurred the plaintiff was not a director,—the default having occurred in January, 1891,—and his trusteeship of the $20,000 trust was independent of any other trusteeship.

There was introduced in evidence on the trial of this cause a judgment roll in an action brought by this defendant and one Hencke relating to the $20,000 trust fund of which the plaintiff is the trustee, and by that judgment it was determined that the plaintiff must account to the defendant and others for that trust fund. It was an interlocutory judgment, in and by which a referee was appointed to take the account of the plaintiff as trustee, and proof of the amount of shares of stock now held by the defendant and another person, and directing that the plaintiff pay to the defendant or his assigns his proportionate share of the money upon certain conditions. The contention of the defendant seems to be that he should not be required to pay to the plaintiff the amount due upon the note or instrument,

the basis of the plaintiff's claim, for the reason that he would be at once entitled to receive back the amount paid after an accounting in his action against the plaintiff, or that he should be allowed to set off or counterclaim against the plaintiff's demand the amount of his unascertained interest in the trust fund. But, as said before, the judgment in that action is only an interlocutory one, and, from all that appears, no accounting has been had under it; and there is no proof that the defendant's share of the trust fund is greater than, or was as great as, the amount now sought to be collected from him. There is no determination in that judgment of the amount of his share in that fund, and if there were it would not result that the defendant should be allowed to set off his share against this claim; the condition and amount of the fund in the hands of the plaintiff not being known, and it not appearing what other persons are entitled to receive parts of that fund. The defendant's contention that he has an offset or counterclaim cannot prevail. Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456.

The foregoing observations cover all the material matters, in my opinion, necessary to be considered on this appeal; and from them it follows that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and RUMSEY, J., concur. McLAUGHLIN, J., dissents.