(64 App. Div. 1.)

MATTY v. SAMPSON et al.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. CORPORATIONS—LIABILITY OF DIRECTORS—ANNUAL REPORTS—FAILURE TO FILE—COSTS.

A judgment for costs is a corporation debt, within the meaning of Stock Corporation Law, § 30, making directors of corporations other than railroad or moneyed corporations who fail to file an annual report liable for the debts of the corporation.

2. SAME.

Under Stock Corporation Law, § 30, directors of a corporation who fail to make statutory annual reports, and who continue in office, are liable for debts incurred during the succeeding year.

Appeal from trial term, Oswego county.

Action by Francis P. Matty against William A. Sampson and others to recover a debt due from a corporation from the defendants, who were directors thereof, and who failed to file an annual report. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

L. W. Baker, for appellants.
W. H. Kenyon, for respondent.

RUMSEY, J. The action was brought to recover against the defendants, as directors of the Mexico Farmers' Cheese Manufacturing Company, for a debt of the corporation, because the directors had failed to file the report required by section 30 of the stock corpora-

tion law.   The action was begun in December, 1899.   It appeared from the complaint that in the years 1895 and 1896 the corporation had incurred debts to a considerable number of people.   These debts were all assigned to the plaintiff.   On the 10th day of March, 1899, the plaintiff recovered a judgment against the corporation for the amount of these debts, being $632.33, and the judgment was entered on that day for the amount of those damages and for $518.55 costs. The appellants became directors of the corporation on the 15th day of December, 1896, and they have continued in office as such down to this time.   No report such as is required by section 30 of the stock corporation law has ever been filed by them as directors.   The complaint set out the various debts which accrued in the years 1895 and 1896, and the assignment of each one of them to the plaintiff, and the fact that no reports had been filed at any time from 1896 down to the time of the commencement of the action.   It then set up the recovery of a judgment against the corporation for the amount of those debts and the costs, as stated above.   It asked judgment, not only for the amount of the debts, but for the amount of the costs, which were included in the judgment entered on the 10th day of March, 1899, claiming that those costs became a debt against the corporation; and that, as no report was filed in the year 1899, the directors were liable for them, as well as for the original debts.   The answer contained a general denial, and, in addition, a plea of the three-year statute of limitations.   The learned court below found that a judgment was recovered by this plaintiff against the Mexico Farmers' Cheese Manufacturing Company for the amount of those debts, as alleged in the complaint.   It further found that, after the recovery of that judgment, a judgment was recovered in another action brought by the same plaintiff against the corporation and others, setting aside certain transfers of the corporation, and appointing a receiver, to whom all the assets of the corporation were to be delivered, and requiring that receiver, among other things, to pay to the plaintiff the amount of the damages recovered in his judgment, being $632.33. The court further found that there was no property of the corporation which could be devoted to the payment of the costs included in that judgment, being $518.55.   It held that those costs became a debt against the corporation at the time the judgment was recovered on the 10th of March, 1899, and that, as in January, 1899, no report had been filed, the directors were in default, under section 30 of the stock corporation law, and ordered judgment against them for the amount of the costs.   From that judgment this appeal is taken.   The court did not permit any recovery for the amount of the original indebtedness of the corporation, so that no question of the liability of the directors for that indebtedness is raised here.   The serious objection made to this judgment is that the costs included in this judgment, of $518.55, were not an existing debt against the corporation, within the meaning of section 30 of the stock corporation law.   That section requires a report to be made during the month of January in each year, and prescribes by whom and in what manner the report shall be made, and what shall be done with it.   It provides also that, "if such report be not so made and filed, all the directors of the cor-

poration shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made." The question presented is whether the judgment for costs entered against the corporation on the 10th of March, 1899, is a debt contracted by the corporation, within the meaning of that statute. In the case of Morgan v. Hedstrom, 164 N. Y. 224, 58 N. E. 26, it was held that this provision of the stock corporation law was remedial, and was to be liberally, and not narrowly, construed, to embrace debts within its language. Page 231, 164 N. Y., and page 28, 58 N. E. In the same case, as well as in other cases, it has been held that the debts referred to in this section embrace every debt of every nature. Morgan v. Hedstrom, 164 N. Y. 230, 58 N. E. 27, and cases there cited. In the case of Allen v. Clarke, 43 Hun, 377, the question was presented whether a judgment for costs entered against a corporation was a debt within the meaning of this statute. The general term of the supreme court in the Third department refused to permit the plaintiff to recover, holding that such a debt was not within the meaning of the statute. Upon appeal to the court of appeals, however, it was held that the judgment for costs was in every sense a debt of the company, which it was precisely under the same obligation to pay as any other debt. The court then says:

"We have not overlooked the clause which follows the words 'debts of the company then existing,' to wit, 'and for all that shall be contracted before such report shall be made.' The claim on the part of the defendant that these words limit the meaning of the former words to such debts of a corporation as are voluntarily contracted, we do not deem to be well founded. The word 'contracted' here means the same as 'incurred,' and includes every debt for which the corporation becomes bound. There is no apparent reason for any discrimination as to the kind of debts, and we do not think any was intended." Allen v. Clark, 108 N. Y. 269, 15 N. E. 387.

We see no answer to the proposition thus laid down. It is quite true that in the case of Rorke v. Thomas, 56 N. Y. 559, the court held that a judgment for costs could not be recovered against a director. But in that case our attention is called to the fact that the judgment for costs was entered against the corporation long after the defendants in the action ceased to be directors of the company, and that was a sufficient reason why that debt should not have been permitted to be recovered from them. Judge Church, in delivering the opinion of the court, says that "the liability cannot be extended beyond the strict terms of the statute," and he calls attention to the fact that the debts for which the directors were liable were those that should be thereafter contracted while they should respectively continue in office, and shows that the case was not within it, the reason clearly being that the debt for costs was not contracted until after the defendants had ceased to be directors. In the case of Green v. Easton, 74 Hun, 329, 26 N. Y. Supp. 553, it was said, citing Rorke v. Thomas, that "a recovery cannot be had against the defendant for costs of an action against a corporation." But no reason is given, and the court evidently did not consider the facts in Rorke v. Thomas, by reason of which the judgment for costs was not within the terms of the statute. Within the case of Allen v. Clark, there can be no doubt, in our

judgment, that the directors who have failed to file a report are liable for a judgment entered for costs against the corporation, precisely to the same extent as they would be for any debt if the judgment is entered while their default continues. But it is said that the judgment for costs was only an incident of the suit against the corporation, and therefore the plaintiffs should not be permitted to recover it. We can see no force in that suggestion. That it was a debt must be conceded, because it has been so held. That the corporation was liable to pay it is undoubtedly true, and when these facts exist it does not cease to be a debt of the corporation because the corporation has been adjudged to pay that amount in addition to some other amount, when the former amount, which was the principal claim against the company, has been paid. In view of the rule that the statute is to be liberally construed as to what debts are included within it, we think that the learned court below was correct in holding that this judgment for costs, which remained unpaid by the corporation, was within the terms of the statute.

Another objection is that the action was prematurely brought. The report was not filed in January, 1899. The judgment was entered on the 10th of March, 1899. The statute creates a liability for all debts contracted before the report shall be made. That has been construed by this court to include all debts contracted during the year in which the default continues, so that, if the default took place on the 1st of January, 1899, the directors at that time, who continued in office for that year, were liable for all debts contracted during the year 1899. Bank v. Keim, 52 App. Div. 135, 64 N. Y. Supp. 1070. It is claimed by the appellants that the corporation had ceased to do business during the years 1897, 1898, and 1899, and that for that reason they were not called upon to make any reports. There is no question but that the corporation continued to exist during those years, and, that being so, the directors were not relieved of the necessity of making reports. Ginsburg v. Von Seggern, 59 App. Div. 595, 69 N. Y. Supp. 758.

These considerations dispose of all the points made by the appellants which we regard as necessary to examine. The result is that the judgment is correct, and must be affirmed, with costs. All concur.