Arthur Waohtel, J.
This is an action brought by the plaintiff against the defendant bank upon two causes of action. The first cause of action alleges: “ Defendant breached its contract with the plaintiff in that it paid a check dated October 3, 1961 for $200.00 payable to the order of Recine 1 Way ’ Caterers to a wrong party and refuses to refund the same to the plaintiff on demand. ’ ’
The second cause of action is for “ Money Had and Received based upon a check paid by the defendant to a wrong party although the defendant was on notice that the payee was out of business and no longer in existence. Due demand Avas made for the amount of $200.00 paid by the defendant on October 5, 1961 but refused.”
The second cause of action was dismissed upon the trial and the trial proceeded with respect to the first cause of action.
On July 5, 1961, plaintiff entered into a contract with Recine “Way” Caterers for a wedding party for her daughter. On September 11, 1961, an assignment for the benefit of creditors of Recine “ Way” Restaurant, Inc., was executed to Henry J. Hammerman, as assignee, and by order of the Supreme Court, dated September 21, 1961, the assignee was authorized “ to continue to operate the business and to perform the catering engagements of Reciñe Way Restaurant, Inc.”
On October 3, 1961, plaintiff issued a check to the order of Recine “ Way ” Caterers on the defendant bank pursuant to the contract she executed with Recine “Way” Caterers. This check was indorsed “ For Deposit Recine Way Rest.” by Henry J. Hammerman, assignee for the creditors of Recine Way Restaurant, Inc., pursuant to the authority given to him by the aforesaid order of the Supreme Court, dated September 21, 1961, and was deposited in the account of the said assignee for creditors of Recine Way Restaurant, Inc.
*527 Ambrose J. McCall, Esq., who was appointed receiver in bankruptcy proceeding’s of Recine Way Restaurant, Inc., on October 12, 1961, and elected trustee on December 1, 1961, testified that the books and records of Reciñe Way Restaurant, Inc., which he received, included the Recine “Way” Caterers contracts; that Recine Way Restaurant, Inc., was doing business as Reciñe “ Way ” Caterers at the time the check in question was issued; that there was only one corporation, namely Recine Way Restaurant, Inc., which used the trade name of Recine “Way” Caterers. There was no separate bank account in the name of Recine ‘ ‘ Way ’ ’ Caterers. The check payable to Recine “ Way ” Caterers was indorsed by the assignee for the creditors of Recine Way Restaurant, Inc., and deposited in its account.
Plaintiff contends that the check was payable to Recine “Way” Caterers, not Recine Way Restaurant; that if Reciñe “Way” Caterers was an existing entity the indorsement by the assignee for the benefit of creditors of Recine Way Restaurant was unauthorized, the payment of the check by the defendant bank to Recine Way Restaurant was a payment to someone other than the payee designated by the plaintiff and accordingly the defendant is accountable for the diversion of the plaintiff’s funds to such unauthorized party; that if the Recine “ Way ” Caterers was a nonexistent payee, unknown to the plaintiff, then the check was a nullity and the bank could not charge it against the plaintiff’s account, citing International Aircraft Trading Co. v. Manufacturers Trust Co. (297 N. Y. 285).
This is not a case of a fraudulent indorsement. No such claim is made by the plaintiff. This is merely a claim that the wrong-party was paid. If, as the plaintiff claims, the defendant paid the wrong party and not the designated payee, then the defendant is liable and this the defendant concedes. However, if Recine ‘ ‘ Way ’ ’ Caterers and Recine Way Restaurant, Inc., are one and tibe same, the latter doing business under the trade name of the former, then this is similar to a case where a negotiable instrument is made payable to “ X Company ” and indorsed by “ X ”, whose trade name is “ X Company ” (cf. Jones v. Home Furnishing Co., 9 App. Div. 103).
In short, if Recine Way Restaurant, Inc., is the real owner, then a check payable to Recine “ Way ” Caterers may be paid to Recine Way Restaurant, Inc. The issue then is whether in fact they are one and the same.
In the opinion of the court, the proof adduced by the defendant bank is prima facie sufficient to establish that Reciñe “ Way ” Caterers and Recine Way Restaurant, Inc,, were one and the same entity. The testimony of the receiver and trustee in bank *528 ruptcy is positive that this was so. Furthermore, plaintiff herself, in a petition which she filed in the bankruptcy proceedings of Becine Way Restaurant, Inc., stated in paragraph 2 of the petition as follows: “ That on the 5th day of July, 1961, and prior to the filing of the petition in bankruptcy, the bankrupt was operating a business of Becine ‘Way’ Caterers at Eastchester Boad and Boston Post Boad, Borough of Bronx, City of New York
She further stated in the petition that she made a contract with the bankrupt, Becine Way Restaurant, Inc., and attached thereto a photostatic copy of the contract, and in addition stated in paragraph 4 of the petition: “ That thereafter on demand of the said bankrupt, the petitioner paid to the bankrupt the sum of $200.00 as is evidenced by a photostatic copy of the check, front and back, as a further deposit on this contract, such check is dated October 3,1961, and is attached hereto and made a part of this application. The check was delivered on October 2, 1961 to the bankrupt and a receipt was given for said check by the bankrupt of said date, a photostatic copy of said receipt is hereto annexed and made a part of this application ”.
These statements were made in the petition, under oath, while these statements are not conclusive, they are competent as admissions against interest and should be considered “ with the other evidence received on the trial in deciding and determining the issues in the action ”. (Talbot v. Laubheim, 188 N. Y. 421, 425, and see Richardson, Evidence [8th ed.], § 295.) They are admissible on behalf of a stranger to the proceeding in which the pleading was filed (cf. Taft v. Little, 178 N. Y. 127 and see Ann., 63 A. L. R. 2d 412 et seq.).
The fact that the receiver in his answer denied the allegations of the petition does not preclude the defendant bank from asserting the claim of an informal judicial admission against the plaintiff in this action. Accordingly, the complaint is dismissed.